IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation* | Master Case No. 3:11-md-02208-MAP<br><br>THIS DOCUMENT RELATES TO:<br>All Cases |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, through their undersigned counsel, subject to the approval of the Court, that in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded to all material so entitled, the following terms and conditions (the "Protective Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission and any other information or material produced, given or exchanged by and among the parties and any non-parties to these litigations (including without limitation any non-party that seeks to intervene or to object to any of the proceedings in this litigation) in connection with discovery in the above-captioned actions (the "Litigation") (such information or material hereinafter referred to as "Discovery Material").

1.  Any party or non-party who provides or has provided Discovery Material to any party in connection with these Litigations (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Order and Fed. R. Civ. P. 26(c), if such party in good faith reasonably believes that such Discovery Material contains non-public, confidential,

proprietary, commercially, or personally sensitive information, including without limitation sensitive financial information or trade secrets, that requires the protections provided in this Order ("Confidential Discovery Material"). Confidential Discovery Material may also include compilations of categories of documents that as a group a party designates as requiring the protections provided in this Order, even if taken individually, each document within that compilation may not require confidential treatment; provided, however, that a receiving party may request in good faith that a designating party waive the designation as to a particular document within that compilation so that a filing need not be made under seal, and any dispute about such request shall be governed by paragraph 19 below. The designation by any Producing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by or under the direction of an attorney for the designating party and that there is a reasonable good faith belief that such designation is valid.

2. Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

3. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any party to this Litigation or Producing Party.

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony), or any parts thereof: by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material unless otherwise indicated by the Producing Party; provided

that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order (as provided in Paragraph 13).

(b) In the case of depositions or other pretrial testimony, or any parts thereof: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within fourteen (14) business day after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All depositions and other pretrial testimony shall be deemed to be "Confidential" for a period of fourteen (14) business days after receipt of the transcript of the deposition, after which time such depositions or pretrial testimony shall be treated in accordance with its designation, if any. Only those portions of the transcript designated as "Confidential" shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Counsel may challenge the confidential designation of any information in a deposition transcript in the manner provided by Paragraph 18 of this Order.

(c) If testimony during a deposition is designated on the record as being "Confidential" pursuant to this Order, no one shall be present for that portion of the deposition testimony containing Confidential Discovery Material, except the deponent, counsel representing the parties and the deponent, the court reporter and/or videographer, and any other person otherwise permitted to access such material pursuant to Paragraph 5 of this Order.

(d) Certain documents may contain information that is so sensitive that they should not be disclosed to any person other than outside counsel for the parties (compare Paragraph 5 below). Such information shall be produced on a "Confidential—Attorneys' Eyes Only" basis. To the extent the non-Producing Party disagrees with any such designation, it shall be entitled to challenge such a designation by motion to the Court, and the Producing Party shall have the burden of establishing that (1) a legitimate private or public interest warrants this level of confidentiality; and (2) a clearly defined and serious injury would result if the documents were not so designated. Except as otherwise provided in this Order, information designated "Confidential—Attorneys' Eyes Only" shall not be shown to the Parties (other than in-house counsel participating in this Litigation).

4. All copies of any documents containing Confidential Discovery Material shall constitute and be treated as Confidential as provided in this Order. Any person making, or causing to be made, copies of any Confidential Discovery Material shall make certain that each such copy bears the appropriate stamp pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

5. Discovery Material designated "Confidential" (but not "Confidential—Attorneys' Eyes Only") may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Outside counsel for any party in this Litigation whose law firm has entered an appearance in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this Litigation for use in accordance with this Order;

(b) In-house counsel for any party if such in-house counsel is participating in this Litigation;

(c) Subject to paragraph 6, retained experts or retained consultants assisting counsel in this Litigation and their employees and clerical assistants, provided that such expert or consultant is not currently a direct competitor of any party to this Litigation as far as can reasonably be determined;

(d) Subject to paragraph 6, witnesses or deponents and their counsel;

(e) The named parties, and present or former directors, officers, employees, or professional members of the named parties, or any subsidiary or affiliate thereof, who are assisting counsel in this Litigation, or who appear as witnesses or deponents;

(f) Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(g) Subject to paragraph 6, any other person upon order of the Court or stipulation of the counsel to the parties to this Litigation;

(h) Defendants' insurers or their counsel; and

(i) The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers.

6. Before Confidential Discovery Material is disclosed to any person under Paragraph 5(c) or 5(d) or 5(g), each such person will execute a copy of the form attached as Exhibit A agreeing to be bound by the terms and conditions of this Order. However, if a witness is to be shown Confidential Discovery Material for the first time at a deposition or hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness is informed of the Confidential Order and its terms.

7. Counsel for the party providing Confidential Discovery Material to any person required to execute a copy of the form attached as Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

8. Any party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party within 14 business days of the production of such document, or such other time as may be agreed, provided that such document contains Confidential information of a designating party, in the following manner:

(a) Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the "Confidential" legend, to all other parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Within 10 business days of receipt of such notice, or such other time as may be agreed, any party receiving such notice and copy of the designated document pursuant to this subparagraph shall either (1) return to the designating party all undesignated copies of such document in their custody or possession, (2) affix the "Confidential" legend to all copies of such designated document in their custody or possession, or (3) destroy all copies of such designated document in their custody or possession.

(b) Upon notice of designation pursuant to this Paragraph, the parties also shall: (1) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (2) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (3) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

(c) The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party. For any discovery that was served on a non-party prior to the date of this Order, the party who served the discovery shall provide the non-party with a copy of this Order within five days of the date this Order is entered by the Court.

9. If any party intends to file Confidential Discovery Material with the Court, any such Confidential Discovery Material must be filed with the Court under seal or in redacted form pursuant to the procedures set forth in Local Civil Rule 7.2 or as otherwise directed by the Court. Any request to seal "Confidential—Attorneys' Eyes Only" Discovery Material that is directly pertinent to that party's filing in connection with a request for non-discovery relief shall be by motion consistent with Local Civil Rule 7.2. All such Confidential Discovery Material shall not become part of the public record, but shall be part of the record considered by the Court on the issue or issues to which they may be relevant. Any filing with the Court containing Confidential Discovery Material shall not be filed electronically. Instead, the filing party shall file a notice of service containing the title of the document that has been filed under seal and the notice of service shall indicate that the document was filed under seal pursuant to this Order. In the event that any Confidential Discovery Material is used in any proceedings by this Court, it shall nonetheless retain its status as Confidential Discovery Material.

10. Prior to any dispositive motion hearings and/or trial in this Litigation, counsel for the Parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential Discovery Material proposed to be used at such hearing or trial. Ultimately, the determination of treatment of Confidential Discovery Material at such hearing or trial will be determined by the Court.

11. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(a) Constitute an admission or adjudication that any document designated Confidential contains or reflects any trade secrets or is otherwise private, confidential, or proprietary information warranting protection;

(b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery due to an assertion that the requested discovery material is privileged or subject to protection as trial-preparation material, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

(d) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(e) Prejudice in any way the rights of any party to seek further protection or a determination by the Court whether any Discovery Material designated as Confidential should be subject to the terms of this Order; or

(f) Shift the burden of establishing that Discovery Material is Confidential from the Producing Party.

12. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose. With respect to any document that has been produced in this Litigation and designated as Confidential by another party, should any party

claim to have received the document from another source without any restriction of confidentiality and seek to be relieved of the confidentiality restrictions of this Order with respect to that document, the party shall first seek the consent of the other parties. If the parties cannot agree as to whether the document(s) should be excluded from this Order, the parties shall submit the matter to the Court for resolution. Such motion shall be filed under seal, pursuant to Local Civil Rule 7.2.

13. If, in connection with this action, a Producing Party inadvertently produces or discloses information subject to a claim of attorney-client privilege, attorney work product protection, the joint defense privilege, and/or other privilege or protection ("Inadvertently Produced Information"), then in accordance with Federal Rule of Evidence 502(b) and (d), the production or disclosure of the Inadvertently Produced Information shall "not operate as a waiver in a Federal or State proceeding" except as provided in this Paragraph 13. If a receiving party receives Discovery Materials that obviously appear to be subject to attorney-client privilege, work product doctrine, the joint defense privilege, and/or other applicable privilege, and it is reasonably apparent that the Discovery Materials were provided or made through inadvertence, the receiving party must refrain from examining the Discovery Materials any more than is necessary to ascertain if the materials are privileged, and shall immediately notify the Producing Party in writing that he or she possesses Discovery Material that appears to be privileged. The procedure for handling Inadvertently Produced Information shall be as follows:

    a. If a Producing Party notifies a receiving party of a claim of Inadvertently Produced Information, within seven (7) days of service of the notice (or such other time as the parties mutually agree or the Court orders), the receiving party must return, sequester, or destroy all copies of the Inadvertently Produced

Information and provide a certification of counsel that all such Inadvertently Produced Information has been returned, sequestered, or destroyed. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the receiving party "must not use or disclose" the Inadvertently Produced Information "until the claim is resolved" and "must take reasonable steps to retrieve the information if the party disclosed it before being notified."

b. Within seven (7) days of service of the certification that such Inadvertently Produced Information has been returned, sequestered, or destroyed (or such other time as the parties mutually agree or the Court orders), the Producing Party shall provide with respect to the Inadvertently Produced Information the information required by Federal Rule of Civil Procedure 26(b)(5)(A).

c. If the receiving party disputes the claim of Inadvertently Produced Information, it and the Producing Party shall meet and confer in an attempt to resolve the dispute.

d. In the event that the parties cannot resolve the dispute, the receiving party may, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), promptly move the Court "under seal for a determination of the claim," and may raise any dispute concerning the claimed Inadvertently Produced Information, including the factors enumerated in Federal Rule of Evidence 502(b) and/or the application of the privilege or protection asserted (other than by reason of the inadvertent disclosure).

e. If such a motion is made, the Producing Party shall submit to the court for in camera review a copy of the Inadvertently Produced Information at the same time it submits its papers in connection with the motion.

f. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the Producing Party "must preserve" the Inadvertently Produced Information "until the claim is resolved."

14. In the event that any question is asked at a deposition that involves or relates to a document that one party claims is subject to an applicable privilege or immunity but was inadvertently produced, and another party disputes the application of any such privilege or immunity, the non-producing party preserves its right to argue that the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, and the producing party preserves its right to argue that such testimony need not be provided on the basis of an applicable privilege or immunity. The failure of a party at a deposition to challenge the assertion of any privilege, work-product protection or immunity over any document shall not prejudice the right of such party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this Protective Order.

15. In the event that additional parties join or are joined in this Litigation, seek to intervene in any of these Litigations, or seek to object to any of the proceedings in any of these Litigations, they shall not have access to Confidential Discovery Material until such party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

16. The parties agree to be bound by the terms of this Order pending the entry by the Court of this Order.

17. The attorneys of record shall take reasonable measures to prevent the unauthorized disclosure or use of Confidential Discovery Material and are responsible for employing reasonable measures to control, consistent with the terms of this Order, the duplication of, access to, and distribution of, Confidential Discovery Material.

18. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including, without limitation, any appeals therefrom. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material shall either make a good faith and commercially reasonable effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or to destroy all such Confidential Discovery Material and confirm that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain court papers, depositions, trial transcripts, and attorney work product, provided, however, that all such documents and information shall remain subject to this Protective Order to the extent they include Confidential Discovery Material.

19. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential or the application of any provision of this Order may, after first making a good faith effort to resolve any such objection, move promptly for an order vacating the designation or the application of said provision. Such motion shall be filed under seal pursuant to Local Civil Rule 7.2. While such an application is pending (and during any appeal therefrom), the Discovery Material or testimony in question shall be treated as Confidential pursuant to this Order. The burden of establishing confidentiality is on the party that designated the material as Confidential or Confidential – Attorneys Eyes Only.

20. If any person receiving Discovery Material covered by this Order (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand

or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material which was produced or designated as Confidential by someone other than the Receiver, the Receiver shall (except as provided by law) give prompt written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the person or party who produced or designated the material as Confidential. The Receiver shall not produce any of the Producing Party's Confidential Discovery Material, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party. If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its Confidential Discovery Material, the Receiver shall object to the subpoena or other demand, citing this Order, and thereafter, the Producing Party shall bear the burden of opposing the production of such documents, if the Producing Party deems such opposition appropriate. If, however, the return date of any such demand is less than ten (10) business days from the date the demand was received, written notice of the intent to disclose shall be given to the Producing Party—by facsimile, telephone, and e-mail—to its counsel within 48 hours after receipt. The Receiver shall reasonably cooperate with the Producing Party and not thereafter produce such Confidential Discovery Material, except as provided or required by law or pursuant to a Court order requiring compliance with the subpoena, demand, or other legal process. In the event that Confidential Discovery Material is produced to a non-party to this Order in response to a subpoena or document demand, such Discovery Material shall be subject to paragraph 13, above. Nothing contained herein shall be construed as requiring any party or non-party to challenge or appeal any order requiring the

production of Confidential Discovery Material, or to subject itself to any penalties stemming from noncompliance with a legal process or order, or to seek any relief from this Court.

21.     Nothing in this Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

22.     The parties to this Litigation agree that the production of any Discovery Material by any non-party to this Litigation shall be subject to and governed by the terms of this Order.

23.     Any Producing Party may apply, upon reasonable expedited notice, to amend this Order. Any such application shall be served upon all other parties, who shall have ten (10) business days following receipt of service to respond to any such application. Any such amendment shall only be final upon the agreement of all parties and the approval of the Court.

24.     Neither this Order nor any party's or non-party's designation of Discovery Material as "Confidential" shall effect the admissibility into evidence of the Discovery Material so designated.

25.     Entering into, agreeing to and/or producing or receiving "Confidential" Discovery Material or otherwise complying with the terms of this Order shall not:

(a)     operate as an admission that any particular Discovery Material is entitled to be deemed "Confidential";

(b)     prevent a party from applying for an Order to supplement the category "Confidential" with other categories to the extent a party believes it will not be sufficiently protected by a "Confidential" designation;

(c)     prejudice in any way the right of a party to seek a determination by the Court whether any Discovery Material designated as "Confidential" should be subject to the terms of this Order

26. The rights and obligations contained herein shall survive the conclusion of the Litigation and shall survive the return and/or destruction of all Confidential Discovery Material.

27. This Order may be executed by facsimile or PDC signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one agreement.

**SO STIPULATED:**

Dated: June 9, 2011

/s/ Michael von Loewenfeldt
Michael von Loewenfeldt (*pro hac vice*)
Daniel A. Zaheer (*pro hac vice*)
**KERR & WAGSTAFFE LLP**
100 Spear Street, 18th Floor
San Francisco, CA 94105-1528
Tel: 415/371-8500
415/371-0500 (fax)

*Interim Co-Lead Class Counsel*

Dated: June 9, 2011

/s/ Michael K. Isenman
Michael K. Isenman

**GOODWIN PROCTER LLP**
Paul E. Nemser (BBO #369180)
53 State Street
Boston, Massachusetts 02109
(617) 571-1000

**GOODWIN PROCTER LLP**
Richard M. Wyner (pro hac vice)
Michael K. Isenman (pro hac vice)
Katherine J. Shinners (pro hac vice)
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000

*Counsel for Defendant*
*The Prudential Insurance*
*Company of America*

**Pursuant to stipulation, IT IS SO ORDERED.**

Dated: 7·8·11

_____
HON. MICHAEL A. PONSOR
United States District Judge