UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE PRUDENTIAL INSURANCE             )
COMPANY OF AMERICA SGLI/VGLI            ) C.A. No. 11-md-02208-MAP
CONTRACT LITIGATION                     )

MEMORANDUM AND ORDER REGARDING
PLAINTIFFS' MOTIONS TO COMPEL
(Dkt. Nos. 27 & 29)

February 16, 2012

PONSOR, U.S.D.J.

Counsel appeared on February 14, 2012 for argument on Plaintiffs' Motions to Compel. For the reasons set forth below, both motions will be allowed, though only in part.

A. **Plaintiffs' Motion to Compel Defendant's Responses to Requests for Production and Interrogatories (Dkt. No. 27).**

Plaintiffs have moved for an order compelling further responses to discovery in four areas.

1. Plaintiffs ask the court to overrule general objections offered by Defendant to Plaintiffs' requests for production and interrogatories. This aspect of the motion is hereby DENIED, without prejudice. The specific rulings set forth below will address, as a practical matter, Plaintiffs' concerns about the production of discovery.

2. Plaintiffs seek an order from this court requiring Prudential to produce documents from, and information

relating to, the time period after this lawsuit was filed. This motion is hereby ALLOWED, with the understanding that Defendant will produce documents dated through December 31, 2010.  The court erroneously interrupted Plaintiffs' counsel's argument with regard to the cut-off date, mistakenly thinking it had been the subject of the argument relating to Defendant's motion to compel, which the court had already ruled on.  The current ruling is therefore without prejudice to a motion for reconsideration directed at a discrete body of documents, specifically documents seeking information relating to a change to the "form to beneficiaries" issued after November of 2010.

    3.  Plaintiffs have requested an order requiring Defendant to supplement production of documents in response to Requests No. 19, 20, 37, 40, 96, and 101.

    a.  <u>Request No. 19</u>

    The motion to compel is ALLOWED with regard to documents dated on or after January 1, 1996 that <u>primarily and explicitly</u> discuss the development of the Alliance Account program, including the advantages and disadvantages of the program to Defendant or to beneficiaries.  Documents not primarily discussing Alliance Accounts, for example, making only passing references to it, need not be produced.

    b. <u>Request No. 20</u>

The motion to compel is ALLOWED, with the same limitations as set forth in the previous ruling. It is understood that Defendant has produced, or will produce, documents constituting communications with the Veteran's Administration concerning settlement of SGLI claims through an Alliance Account. This ruling is broader and requires Defendant to produce documents that primarily and explicitly discuss the Alliance Account program, in connection with the SGLI contract, and its potential or actual benefits and detriments for Defendant and beneficiaries.

### c. Request No. 37

The motion to compel is DENIED. Production of information with regard to studies of the impact of grief is no longer a topic of dispute between the parties.

### d. Request No. 40

The motion to compel is DENIED with regard to Plaintiffs' request for "any analysis or evaluation over the past fourteen years of income, return, revenue, interest, or profit earned by Defendant on funds retained in SGLI Alliance Accounts." The request is overbroad and excessively burdensome. A proper response would require the disgorgement by Defendant of virtually every financial document in its possession since 1998. This ruling is made based on the representation by Defendant that it has

Case 3:11-md-02208-MAP   Document 86   Filed 02/16/12   Page 4 of 5

provided Plaintiffs with its own analysis of the amount of money it earned on the portfolio that contained the SGLI Alliance Accounts.  That is sufficient.

    e. Request No. 96

The motion to compel is DENIED, again, for the reasons set forth above, because the request for <u>all</u> documents describing or analyzing rates of return by Defendant on funds in its general account is overbroad and excessively burdensome, given what Defendant has already produced.

    f. Request No. 101

The motion to compel is DENIED.  Again, the request is overbroad and excessively burdensome, given what Defendant has already produced.

    B.  Plaintiffs' Motion to Compel Defendant to Produce Unredacted Documents (Dkt. No. 29).

This motion to compel is ALLOWED, in part.  Defendant will remove redactions based solely upon relevancy. Redactions may remain when justified by legitimate confidentiality concerns or by the existence of an attorney/client or other recognized privilege.  Disclosures, of course, are subject to a protective order.

Defendant will have until March 12, 2012 to provide the supplementation required as a result of the above rulings. This case is hereby referred to Magistrate Kenneth P. Neiman

to supervise discovery as needed.

It is So Ordered.

<pre>
                          /s/ Michael A. Ponsor
                          MICHAEL A. PONSOR
                          U. S. District Judge
</pre>