```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| IN RE: PRUDENTIAL INSURANCE COMPANY OF AMERICA SGLI/VGLI CONTRACT LITIGATION | ) ) ) C.A. No. 11-md-02208-MAP ) ) |

<u>MEMORANDUM AND ORDER REGARDING</u>
<u>MOTION FOR CLASS CERTIFICATION</u>
(Dkt. No. 72)

August 20, 2012

PONSOR, U.S.D.J.

I. <u>INTRODUCTION</u>

This is a putative class action brought by ten named Plaintiffs on behalf of beneficiaries of life insurance policies issued by Defendant Prudential Life Insurance Company of America ("Prudential") through the Servicemembers Group Life Insurance ("SGLI") and Veterans Group Life Insurance ("VGLI") programs. Plaintiffs allege that Prudential's use of "Alliance Accounts" to settle claims for lump sum payments of benefits violates statutory, contractual, and federal common law duties it owes to members of the proposed class.

Plaintiffs have filed a motion for class certification pursuant to Fed. R. Civ. P. 23(b)(3), seeking to certify the

proposed class with respect to the first, second, third, fourth, and seventh causes of action in the Consolidated Amended Complaint. (Dkt. No. 72.) In the alternative, Plaintiffs argue that, if the court is disinclined to certify these causes of action in their entirety, partial certification of individual issues is appropriate under Fed. R. Civ. P. 23(c)(4).

Defendant opposes Plaintiffs' motion, arguing that Plaintiffs have not satisfied the requirements of Rule 23(b)(3). (Dkt. No. 94.) In the alternative, Defendant requests that the court defer ruling on the motion for class certification pending consideration of a motion for summary judgment by Defendant on the ground that Plaintiffs have suffered no cognizable injury. Defendant contends that the parties have already completed sufficient discovery to brief this limited issue.

For the reasons stated below, the court will deny the motion for class certification without prejudice and set a briefing schedule for motions for summary judgment on the narrow issue of whether Plaintiffs have suffered any actual injury.

## II. BACKGROUND

Pursuant to 38 U.S.C. § 1970, the Servicemembers Group Life Insurance Act ("SGLIA"), active servicemembers and their families, veterans, and reservists are eligible for two federally subsidized life insurance programs -- Servicemembers Group Life Insurance ("SGLI") and Veterans Group Life Insurance ("VGLI"). These programs are operated by Prudential in accordance with a contract ("SGLI contract") between Prudential and the U.S. Department of Veterans Affairs.

Under the terms of the SGLIA, beneficiaries of the life insurance policies may elect payment of their insurance benefits "either in a lump sum or in thirty-six equal monthly installments." 38 U.S.C. § 1970(d). The SGLI contract contains an identical provision for payment.[1] (Dkt. No. 80, Ex. 23, Art. I, § 4.) Plaintiffs allege that, during the proposed class period, all of the forms prepared by Prudential and provided to servicemembers also specified only two payment options: a lump sum payment or thirty-six

---

[1] Although the SGLI contract has been amended several times, this provision has remained substantively identical in all of the versions.

3

monthly installments.

From the beginning of the program until 1999, when a beneficiary requested the lump sum payment, Prudential sent a check in the full amount owed plus any accrued interest as a result of payment being delayed. Prudential changed its practice regarding these payments in June 1999 and began using a system of reimbursement known as "Alliance Accounts" to settle lump sum claims for SGLI and VGLI benefits.

Under the new system now in effect, when the beneficiary becomes entitled to payment of life insurance proceeds, a beneficiary desirous of receiving a lump sum payment will receive, instead of a check, an account book. Thereafter, the beneficiary may choose to withdraw the full sum owed immediately and close the account, or the beneficiary may choose to retain some or all of the money in the account indefinitely. Any money that remains in the Alliance Account earns interest for the beneficiary, although the guaranteed interest rate that beneficiaries receive has changed throughout the proposed class period.

Plaintiffs allege that Prudential's manner of retaining class members' money through Alliance Accounts is improper.

They further charge that Prudential invested the money it improperly retained from the beneficiaries and received significantly higher interest rates on its investments than the rates it used to calculate ultimate payments to the beneficiaries.

In the Consolidated Amended Complaint (Dkt. No. 6), Plaintiffs allege seven causes of action arising from Prudential's use of the Alliance Accounts, but seek class certification only for the first, second, third, fourth, and seventh causes of action.  The first cause of action alleges that Prudential's use of the Alliance Accounts violates 38 U.S.C. § 1970(d), which requires a lump sum payment of benefits upon the beneficiary's request.  The second cause of action alleges that Prudential breached the SGLI contract, which also requires a lump sum payment.  The third cause of action alleges that Prudential breached the implied covenant of good faith and fair dealing in the SGLI contract.  The fourth cause of action alleges that Prudential was unjustly enriched by wrongfully retaining beneficiaries' money and receiving profits on that money that were not shared with the beneficiaries.  The seventh

cause of action alleges that Prudential was a fiduciary of the SGLI beneficiaries and breached its fiduciary duty by improperly retaining beneficiaries' money.  Plaintiffs do not seek class certification on the fifth and sixth causes of action, which allege misrepresentation and omission of material facts.

Plaintiffs seek two forms of relief.  First, Plaintiffs seek disgorgement by Prudential of its earnings generated through the allegedly wrongful retention of beneficiaries' funds.  Second, Plaintiffs seek delay damages in the form of interest for the period during which Prudential allegedly improperly retained the funds.

Plaintiffs' proposed class consists of:

> All individuals who were beneficiaries of the group life insurance contract between the Department of Veterans Affairs and The Prudential Insurance Company of America for Servicemembers Group Life Insurance (including the family coverage provided by Public Law 107-14) and/or Veterans Group Life Insurance who made claims (or on whose behalf claims were made) for lump sum benefits prior to November 2010 and whose claims were settled by Prudential through the use of an Alliance Account.

(Dkt. No. 72, Mot. for Class Cert., at 1.)

## III. DISCUSSION

Under Fed. R. Civ. P. 23(a), representative parties may bring suit on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The representative parties must also satisfy one of the additional requirements set out in Fed. R. Civ. P. 23(b). In this case, Plaintiffs seek certification under Rule 23(b)(3), which requires that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Defendant does not contest that the Rule 23(a) requirements of numerosity, commonality, and typicality have been met, although it does question the named Plaintiffs' ability to represent the class adequately. More importantly, however, it argues that Plaintiffs cannot

satisfy the predominance requirement of Rule 23(b)(3).

Plaintiffs argue that predominance is satisfied whenever the claims relate to a defendant's common course of conduct toward class members.  In this case, according to Plaintiffs, Prudential's obligations, conduct, and motive were identical with regard to each class member.  Thus, Prudential's liability turns entirely on the validity of its own standardized policies and practices, not on the individual circumstances of beneficiaries, and common questions of law and fact predominate over any potential individual issues.

Defendant contends, on the other hand, that the predominance requirement has not been met because numerous issues in the case regarding the calculation of damages, Defendant's affirmative defenses, and the nature of Plaintiffs' claims will require individualized evidence and adjudication.[2]  The most prominent of these issues, according to Defendant, is the question of actual injury. Defendant argues that the fact of actual injury is an

---

[2] Because the court is denying the motion for class certification without prejudice, it will not consider all of the parties' arguments for and against certification at this stage.

element of each of Plaintiffs' claims.[3]  Consequently, according to Defendant, each class member must prove that he or she suffered some injury due to Prudential's alleged actions to establish liability.  Defendant argues that proving injury will require individualized analysis.

Plaintiffs' theory of injury appears to be that the proposed class members were injured by the very fact that they received an Alliance Account instead of a lump sum payment, because providing a lump sum payment by cash is not the same as providing an account book.  See Mogel v. UNUM Life Ins. Co. of Am., 547 F.3d 23, 26 (1st Cir. 2008) ("[D]elivery of the checkbook did not constitute a 'lump sum payment' called for by the policies. . . . '[T]he difference between delivery of a check and a checkbook . . . is the difference between [Defendant] retaining or [Defendant] divesting possession of Plaintiffs' funds.'").

However, Defendant argues and the court agrees, the fact that an Alliance Account is not the same as a lump sum

---

[3] Plaintiffs argue that there is no requirement to show actual damages for the SGLI statutory claim and the contract claim.  However, even if Plaintiffs need not prove that they suffered any actual damages -- a question that the court will not decide at this stage -- they must nevertheless show some cognizable, legal injury to establish liability.

payment does not necessarily mean that a beneficiary was injured by receiving an Alliance Account.  According to Defendant, determining whether each member of the proposed class suffered an injury will require substantial individualized inquiry, including taking depositions of the class members to determine, for example, whether they knew that they could withdraw money from the Alliance Accounts at any time, whether and when they did withdraw money, and whether they actually benefitted from leaving their money in the Alliance Accounts.  Defendant further argues that individualized evidence that has already been uncovered during discovery through the depositions of the named Plaintiffs shows that the named Plaintiffs suffered no injury and, in fact, some preferred to leave their money in the Alliance Accounts and knowingly chose to do so.

Plaintiffs dispute the need for such individualized inquiry.  They argue that, because they are seeking only disgorgement and interest remedies, how class members used their Alliance Account checkbooks or whether they may have preferred Alliance Accounts is irrelevant to the question of damages.

However, regardless of what measure of damages Plaintiffs choose, it seems likely that they will have to show that each class member suffered some actual, legally cognizable injury as a result of Prudential's conduct to establish liability on at least some of the causes of action.  See, e.g., Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009) (stating that Massachusetts law requires a showing of "unjust detriment" to the plaintiff to establish a claim of unjust enrichment); Berkowitz v. Berkowitz, No. 11-10483-DJC, 2012 WL 769726, at *5 (D. Mass. Mar. 9, 2012) (listing damages as an element of a breach of fiduciary duty claim under Massachusetts law); Price Chopper, Inc. v. Consolidated Beverages, LLC, No. 09-10617-FDS, 2011 WL 901817, at *8 (D. Mass. Mar. 11, 2011) (listing damages as an element of a breach of contract claim).[4]

---

[4] Plaintiffs cite a series of cases stating that a plaintiff may recover for breach of contract even in the absence of actual injury.  See, e.g., Flynn v. AK Peters, Ltd., 377 F.3d 13, 23 (1st Cir. 2004) ("Flynn is correct that she would have been entitled to nominal damages even if she could not prove actual damages as part of her contract claim."); Companion Health Servs., Inc. v. Majors Mobility, Inc., No. 07-12100-GAO, 2011 WL 1288101, at *4 (D. Mass. Mar. 31, 2011) ("Even where there are no actual damages awarded, a plaintiff may be entitled to nominal damages for

This threshold question of whether Plaintiffs suffered any cognizable injury is central to the case. A finding that the named Plaintiffs suffered no injury, while not binding on any prospective class members, may terminate the existing lawsuits. Even if Plaintiffs did suffer injury, the necessity of an individualized inquiry regarding injury for each proposed class member may render class certification inappropriate for some or all of the causes of action.

In light of these circumstances, it is clear that briefing and argument regarding this issue on motions for summary judgment will materially advance the litigation and aid the court's decision regarding class certification. Cf. Santana v. Deluxe Corp., 12 F. Supp. 2d 162, 179 (D. Mass. 1998) ("A district court may rule on the merits of a summary judgment motion before deciding the class certification issue under Rule 23 . . . .").

## IV. CONCLUSION

---

a breach of contract."). However, under this case law, a plaintiff who cannot prove actual injury is entitled only to nominal damages. Plaintiffs here seek more than nominal damages on their breach of contract claim. This issue may be briefed in further detail on motions for summary judgment.

For the foregoing reasons, Plaintiffs' Motion for Class Certification (Dkt. No. 72) is hereby DENIED, without prejudice, pending consideration of motions for summary judgment on the narrow issue of actual injury.  Motions for summary judgment by either party must be filed by October 5, 2012.  Any oppositions must be filed by November 2, 2012, replies by November 12, 2012, and sur-replies by November 23, 2012.  Counsel will appear for argument on December 5, 2012 at 2:00 pm.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge