IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation*<br><br>This document relates to: ALL ACTIONS | **CLASS ACTION**<br><br>Master Case No. 3:11-md-02208-MAP<br><br>[consolidated cases 3:10-cv-30163-MAP; 3:11-cv-30058-MAP; 3:11-cv-30059-MAP; 3:11-cv-30060-MAP] |

**PLAINTIFFS' RESPONSE TO INTERVENOR'S MOTION TO UNSEAL**

**TABLE OF CONTENTS**

*Page*

I. INTRODUCTION .................................................................................................. 1

II. THESE ARE ADJUDICATORY DOCUMENTS THAT MUST BE UNSEALED BARRING "COMPELLING REASONS," WHICH PRUDENTIAL HAS NOT PROVIDED HERE. ................................................................................................ 1

III. A LIMITED SUBSET OF THESE DOCUMENTS SHOULD BE REDACTED TO REMOVE FINANCIAL ACCOUNT NUMBERS AND REFERENCES TO MINOR CHILDREN. ........................................................................................... 3

IV. CONCLUSION ...................................................................................................... 5

## **TABLE OF AUTHORITIES**

*Page*

**Cases**

F.T.C. v. Standard Fin. Mgmt. Corp.,
    830 F.2d 404 (1st Cir. 1987).............................................................................. 2, 3

In re Boston Herald, Inc.,
    321 F.3d 174 (1st Cir. 2003).............................................................................. 2, 4

Joy v. North,
    692 F.2d 880 (2d Cir. 1982).................................................................................. 2

Kamakana v. City and County of Honolulu,
    447 F.3d 1172 (9th Cir. 2006) .............................................................................. 2

Poliquin v. Garden Way, Inc.,
    989 F.2d 527 (1st Cir. 1993)......................................................................... 1, 2, 3

**Rules**

LR, D. Mass. 5.3(a)................................................................................................ 4, 5

**I.     INTRODUCTION**

The American Legion seeks to unseal all documents submitted under seal in conjunction with Plaintiffs' motion for class certification, Prudential's opposition, Plaintiffs' reply, Prudential's sur-reply, and the parties' supplemental briefing.  (Dkt. No. 164, at 8.)  Named Plaintiffs agree with, and hereby join in, the American Legion's motion to unseal.  Plaintiffs only ask that certain documents specifically listing named Plaintiffs' financial account numbers and referencing minor children be narrowly redacted to remove those references, as specifically identified below.

**II.    THESE ARE ADJUDICATORY DOCUMENTS THAT MUST BE UNSEALED BARRING "COMPELLING REASONS," WHICH PRUDENTIAL HAS NOT PROVIDED HERE.**

Plaintiffs agree with the American Legion that Prudential has not met its burden of demonstrating that these documents, which were submitted for the purpose of adjudicating Plaintiffs' class certification motion, should remain sealed.  Judicial records are presumptively subject to public inspection.  Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993).  "[T]he presumption is at its strongest when the document in question, as here, has been submitted as a basis for judicial decision making."  In re Boston Herald, Inc., 321 F.3d 174, 198 (1st Cir. 2003) (citation and quotations omitted); see also F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 409 (1st Cir. 1987); Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982) (same).  "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  The courts "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring 'the public's understanding of the judicial process and of significant public events.'"  Id. (citation omitted).

"Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Id. Thus, once documents are submitted to the Court as a basis for substantive, non-discovery motions, as the documents here have been, "the ordinary showing of good cause which is adequate to protect *discovery material* from disclosure" can no longer justify shielding such documents from public view. Poliquin, 989 F.2d at 533 (emphasis in original); Standard Fin. Mgmt. Corp., 830 F.2d at 409; Joy, 692 F.2d at 893 (involving summary judgment). Rather "only the most compelling reasons can justify the[ir] non-disclosure." Poliquin, 989 F.2d at 533 (quoting Standard Fin. Mgmt. Corp., 830 F.2d at 410).

Prudential has failed to provide any reason, much less a compelling reason, for withholding the documents in question from the public. None of the documents surrounding the creation of Alliance Accounts can properly be considered "remotely comparable to, say, the formula for Coca Cola or even an important trade secret." See id. at 534. Prudential itself has argued that "the use of retained asset accounts to settle life insurance claims has been widespread and well publicized throughout the industry since well before their first use under the SGLI Program" (Def.'s Sur-Reply, Dkt. No 106, at 2 n.2), and thus there is nothing secret about the existence of such accounts or the rationale for insurance companies to use them. Prudential's own decision to implement Alliance Accounts in the context of SGLI also occurred nearly 14 years ago, meaning that any potential value that such information might have originally had as a trade secret has long-since dissipated. Moreover, Prudential—which, after all, has a government-granted monopoly over SGLI—has no competitors from whom this information needs to be shielded with respect to this program.

Similarly, Prudential has not demonstrated why any individual document submitted at class certification regarding the administration of the Alliance Account program after its inception reveals any proprietary "trade secret or like material of unusual importance." Poliquin, 989 F.2d at 534. Further, even if Prudential was able to provide such a justification as to any specific document, that would not justify Prudential's wholesale sealing of vast swaths of the record. See id. (even accurate assertions of trade secret protection "could not provide a basis for protecting the entire videotape of [a] deposition after its introduction into evidence"). Further, while it is true that the documents submitted for the Court's consideration may be embarrassing to Prudential, "commercial embarrassment is not a 'compelling reason' to seal a trial record" absent extraordinary circumstances that Prudential has not shown here. See id. at 533.

At the same time, the American Legion and the public at large have a substantial interest in knowing the circumstances under which the SGLI program was created and administered. Cf. F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch."). After all, this program was created for the public purpose of complying with this Country's moral obligations to its servicemembers. Thus, Prudential cannot demonstrate that these judicial records, which detail impropriety concerning the administration of a governmental program, should be withheld from public scrutiny.

**III.   A LIMITED SUBSET OF THESE DOCUMENTS SHOULD BE REDACTED TO REMOVE FINANCIAL ACCOUNT NUMBERS AND REFERENCES TO MINOR CHILDREN.**

There are, however, a few documents attached to the Wyner Declaration in Support of Prudential's Opposition to Class Certification ("Wyner Declaration") which should be

redacted—not sealed in their entireties—to remove private information wholly immaterial to this lawsuit, as follows:

### *Copies of Cancelled Alliance Account "Checks"*

Prudential attached several copies of named Plaintiffs' cancelled Alliance Account "checks" as Exhibits 10-11, 15, 19, 21-25, 29-48, and 51 to the Wyner Declaration. None of these Alliance Accounts are still active, and thus their internal account numbers are no longer sensitive. However, the back sides of the cancelled "checks" contain routing and other financial account numbers for payee accounts, and thus should be redacted along with the names of the payees themselves. See LR, D. Mass. 5.3(a)(4) (requiring parties to redact financial account numbers); In re Boston Herald, Inc., 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public.").

### *Specific References to Plaintiff Barbara Phillips's Financial Account Numbers*

Prudential read into the record portions of Plaintiff Barbara Phillips's financial account numbers and then attached portions of that transcript as Exhibit 27 to the Wyner Declaration. This irrelevant financial information should likewise be redacted for the same reasons as the cancelled "checks" above, and is contained in the following portions of the transcript: 113:25, 123:5; 123:12, and 131:20.

### *References to Minor Children*

Ms. Phillips's deposition transcript, submitted as Wyner Declaration Exhibit 27, likewise contains numerous references to minor children at 121:15, 122:13, 129:25, 130:1, 130:14, 149:17, 150:2, and 162:5-6. Those references should likewise be redacted pursuant to Local Rule 5.3(a)(2) (requiring that the names of minor children be redacted).

Similarly, Plaintiff LCDR Drema Parsons's deposition transcript, portions of which were submitted as Wyner Declaration Exhibit 20, references a minor child at 25:25 and 26:2. Those lines should also be redacted.

No other documents submitted by either party in support of, or in opposition to, Plaintiffs' motion for class certification should be redacted or sealed.

## IV.   CONCLUSION

The documents Prudential seeks to have sealed lie at the core of the documents that courts routinely hold must be opened to the public. Such documents are unquestionably judicial documents (as opposed to documents simply exchanged in discovery) because they have been submitted to this Court for the purpose of adjudication of merits-related questions, and therefore are presumptively subject to disclosure absent compelling reasons that do not exist in this case. In addition, as the numerous congressional investigations, state regulatory investigations, and press articles concerning this case have revealed, these documents are of unique public concern because they involve the creation and administration of a government-funded monopoly over life insurance for the military. As such, Prudential cannot meet its burden of demonstrating that these documents should remain secret. Thus, Plaintiffs' memorandum, Prudential's opposition, Plaintiffs' reply, Prudential's sur-reply, the parties' supplemental briefing, and all supporting declarations and exhibits to these documents should be available for public viewing.

Respectfully submitted on March 1, 2013 by *Interim Co-lead Class Counsel*

| /s/ Michael von Loewenfeldt | /s/ Daniel D. King | /s/ Christopher M. Burke |
|---|---|---|
| Michael von Loewenfeldt | Daniel D. King | Christopher M. Burke |
| (*pro hac vice*) | THE DANIEL D. KING | SCOTT+SCOTT LLP |
| KERR & WAGSTAFFE LLP | LAW FIRM, PLLC | 707 Broadway, Suite 1000 |
| 100 Spear Street, 18th Floor | 401 Congress, Suite 1540 | San Diego, CA 92101 |
| San Francisco, CA 94105 | Austin, TX 78701 | Tel: (619) 233-4565 |
| Tel: (415) 371-8500 | Tel: (512) 687-6278 | Fax: (619) 233-0508 |
| Fax: (415) 371-0500 | Fax: (512) 351-9757 | |

## CERTIFICATE OF SERVICE AND PERMISSION TO SIGN

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and e-mail copies will be sent to all counsel of record.

I certify that I have permission of each of the other signatories to this document to sign their names electronically and file this document on their behalves.

Dated: March 1, 2013                /s/ Michael von Loewenfeldt

Michael von Loewenfeldt (*pro hac vice*)
**KERR & WAGSTAFFE LLP**

100 Spear Street, 18th Floor
San Francisco, CA 94105-1528
Tel: 415/371-8500
415/371-0500 (fax)