# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation | Master Case No. 3:11-md-02208-MAP<br><br>THIS DOCUMENT RELATES TO:<br>All Cases |

## DEFENDANT'S OPPOSITION TO
## <u>INTERVENOR'S MOTION TO UNSEAL DOCUMENTS</u>

## TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ............................................................................................... ii

**BACKGROUND** ............................................................................................................ 2

**ARGUMENT** .................................................................................................................. 5

I.     THE CLASS CERTIFICATION DOCUMENTS ARE NOT SUBJECT TO ANY
PRESUMPTIVE RIGHT OF PUBLIC ACCESS AND THUS SHOULD
REMAIN SEALED. ................................................................................................... 5

      A.     The Presumption Of Access Does Not Apply Because The Documents
Were Submitted In Connection With A Non-Substantive Motion. ........................ 6

      B.     The Presumption Of Access Does Not Apply Because The Court Did Not
Rely On The Documents At Issue. ......................................................................... 7

      C.     Because The Presumption Of Public Access Does Not Apply, The
Legion's Motion Should Be Denied In Its Entirety. ............................................. 9

II.     EVEN IF THE PRESUMPTION OF PUBLIC ACCESS DID APPLY, IT
WOULD BE OUTWEIGHED AS TO 18 DOCUMENTS BY PRUDENTIAL'S
INTERESTS IN THE CONFIDENTIALTY OF ITS PROPRIETARY
INFORMATION ...................................................................................................... 10

III.    PRUDENTIAL DOES NOT OBJECT TO UNSEALING PLAINTIFFS'
CONFIDENTIAL INFORMATION, IF PLAINTIFFS CONSENT. ............................... 14

**CONCLUSION** .............................................................................................................. 15

# TABLE OF AUTHORITIES

**CASES:**                                                                                    **PAGE**

*Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir. 1986) ........................................................5, 6, 7, 8

*Anderson v. Hartford Life & Accident Ins. Co.*, 2010 WL 1418398
    (S.D. Ind. Apr. 6, 2010) ...........................................................................................10

*Bank of New York v. Meridien Biao Bank Tanz. Ltd.*,
    171 F.R.D. 135 (S.D.N.Y. 1997) .............................................................................11

*Dahl v. Bain Capital Partners, LLC*, 2012 WL 4045194
    (D. Mass. Sept. 14, 2012) ....................................................................................5, 10

*E.E.O.C. v. Kelley Drye & Warren LLP*, 2012 WL 691545
    (S.D.N.Y. Mar. 2, 2012) ..........................................................................................6

*Flagg v. City of Detroit*, 827 F. Supp. 2d 765 (E.D. Mich. 2011) ...................................................7

*FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404 (1st Cir. 1987) .............................................5, 10

*Hesse v. SunGard Sys. Int'l*, 2013 WL 174403 (S.D.N.Y. Jan. 14, 2013) ....................................11

*In re "Agent Orange" Prod. Liab. Litig.*, 98 F.R.D. 539 (E.D.N.Y. 1983) .................................14

*In re Boston Herald, Inc.*, 321 F.3d 174 (1st Cir. 2003)...................................................................7

*In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008)................................................................11

*In re Gushlak*, 2012 WL 3683514 (E.D.N.Y. July 27, 2012).........................................................8

*In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779
    (N.D. Cal. Jan. 15, 2013) .........................................................................................6

*In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*,
    686 F.3d 1115 (9th Cir. 2012) .............................................................................6, 9

*Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 415 F. App'x 286
    (2d Cir. 2011)............................................................................................................9

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)........................................6

*Kamyr AB v. Kamyr, Inc.*, 1992 WL 317529 (N.D.N.Y. Oct. 30, 1992).........................................8

*Kay Beer Distrib., Inc. v. Energy Brands, Inc.*, 2009 WL 3790202
    (E.D. Wis. Nov. 12, 2009) ............................................................................7

*Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572
    (E.D. Va. 2009), *aff'd without op.*, 374 F. App'x 955 (Fed. Cir. 2010) ..................................11

*Lord Corp. v. S&B Technical Prods., Inc.*, 2012 WL 1015835
    (E.D.N.C. Mar. 22, 2012) ............................................................................11

*Neill v. Bank of America, N.A.*, 2012 WL 6554414 (S.D. Cal. Dec. 14, 2012) ............................13

*Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274
    (N.D. Cal. Mar. 10, 2010).............................................................................7

*Pecover v. Elec. Arts Inc.*, 2010 WL 8742757 (N.D. Cal. Dec. 21, 2010) ....................................6

*Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*,
    347 F. App'x 615 (2d Cir. 2009) .....................................................................11

*Tonnemacher v. Sasak*, 155 F.R.D. 193 (D. Ariz. 1994) .....................................................13

*United States ex rel. Westfall v. Axiom Worldwide, Inc.*, 2008 WL 5341140
    (M.D. Fla. Dec. 19, 2008)..............................................................................13

*United States v. Kravetz*, 2013 WL 341675 (1st Cir. Jan. 30, 2013).............................5, 9, 10-11

*United States v. Three Juveniles*, 862 F. Supp. 651 (D. Mass. 1994),
    *aff'd*, 61 F.3d 86 (1st Cir. 1995) ..................................................................10

*Verona v. U.S. Bancorp*, 2011 WL 1252935 (E.D.N.C. Mar. 29, 2011)........................................7

Defendant The Prudential Insurance Company of America ("Prudential") hereby opposes the Motion to Unseal the Record (Dkt. No. 164) filed by Intervenor the American Legion (the "Legion").  The Legion argues that, under the "common-law presumption in favor of access to judicial records," the public is entitled to view all of the materials submitted to the Court in connection with plaintiffs' motion for class certification, including certain highly confidential documents that Prudential produced to plaintiffs during discovery pursuant to a protective order entered by the Court, the terms of which were agreed to by the plaintiffs and Prudential.  The Legion's motion should be denied in its entirety or, at the very least, as to the documents listed in Exhibit A hereto, which contain confidential business information and whose disclosure would cause competitive injury to Prudential.

*First*, the motion should be denied in its entirety because the common law presumption of public access does not apply here for two separate reasons.  To begin with, the presumption of public access applies only to materials submitted in connection with determining the parties' substantive rights, and does not apply to materials submitted in connection with a procedural or other non-dispositive motion, including a motion for class certification.  Because the materials that the Legion seeks to unseal were submitted in connection with a motion for class certification, the presumption does not apply.  Moreover, even as to dispositive motions or other merits proceedings, the presumption of public access applies only to documents on which the court relies in taking judicial action.  Here, the Court denied plaintiffs' motion for class certification based on its determination that plaintiffs had not shown that they could establish any cognizable injury on a class-wide basis, and expressly did not reach the other arguments for or against class certification.  Thus, the Court demonstrably did not rely on any of the confidential documents produced in discovery by Prudential that the Legion seeks to unseal.

*Second*, even if the presumption of public access did apply here (which it does not), that presumption would be clearly outweighed as to 18 specific documents by Prudential's powerful interest in the confidentiality of its proprietary business information contained in those documents.  Extensive case law holds that a significant risk of competitive harm to a business enterprise will outweigh a general interest in public disclosure of filed documents.  Here, as set forth in the declarations accompanying this opposition, 18 of the documents contain Prudential's proprietary business information whose public disclosure would inflict on Prudential a strong risk of competitive harm.  Furthermore, Prudential relied in good faith on the Court-entered protective order when it produced these documents in discovery, and they represent a tiny and entirely tangential portion of the class certification filings.  Accordingly, even if the presumption of public access were applicable here, the 18 documents would still need to remain sealed.[1]

## BACKGROUND

Prudential is careful to take appropriate measures to protect the confidentiality of its proprietary business information, *i.e.*, its documents and information that provide a competitive advantage within the life insurance industry.  King Decl. ¶ 13 (attached hereto as Ex. C).  Given the need to protect these proprietary business documents and other confidential information, plaintiffs and Prudential jointly filed a motion, which the Court then granted, for entry of a protective order (the "Protective Order") to prevent the disclosure of certain types of confidential information.  Dkt. Nos. 21, 25.  Pursuant to the Protective Order's terms, the parties could designate certain documents produced in discovery as "Confidential" or "Confidential—Attorneys' Eyes Only" in order to protect the documents from public disclosure.  "Confidential"

---

[1]     The vast majority of the other materials filed under seal consist either of (i) confidential information about the named plaintiffs, or (ii) Prudential's confidential internal documents and information that Prudential would not ordinarily disclose to the public.  However, Prudential does not contend that the release of its confidential internal documents, other than the 18 specified documents, would necessarily cause Prudential competitive harm.

materials were defined to include "non-public, confidential, proprietary, commercially, or personally sensitive information, including without limitation sensitive financial information or trade secrets." *Id.* at ¶ 1. "Confidential—Attorneys' Eyes Only" materials were defined as documents "so sensitive that they should not be disclosed to any person other than outside counsel for the parties." *Id.* at ¶ 3(d). The Protective Order requires all Confidential or Confidential—Attorneys' Eyes Only discovery material to be filed under seal or in redacted form pursuant to Local Rule 7.2. *Id.* at ¶ 9.

The Protective Order originally contemplated that only those documents that required confidential treatment would be labeled as Confidential. Partway through the discovery process, however, plaintiffs requested in open court that, in order to expedite the production of documents in discovery, Prudential label all documents as Confidential, thereby avoiding the need for Prudential to undertake a document-by-document confidentiality evaluation prior to production. *See* October 11, 2011 Status Conference Hearing Transcript at 33-36 (excerpts attached hereto as Ex. B). Under the revised procedures adopted at plaintiffs' request, the plaintiffs could object to the designation of any document as Confidential, in which case Prudential would determine whether the document was Confidential and, if so, justify the reasons for such confidentiality. In reliance on the Protective Order, Prudential produced to plaintiffs large volumes of its internal documents, including numerous documents containing proprietary business information, duly labeled as Confidential. And, as required by the Protective Order, both plaintiffs and Prudential filed under seal the materials that had been designated as Confidential by either plaintiffs or Prudential when they were produced in discovery.

In compliance with the Protective Order and Local Rule 7.2, both plaintiffs and Prudential filed motions to file under seal the confidential portions of their briefs, declarations,

and exhibits filed in connection with class certification, and the Court granted those motions. *See, e.g.*, Dkt. Nos. 92, 105, 108.  Both plaintiffs and Prudential then filed under seal their respective class certification briefs and the declarations and exhibits filed in connection with those briefs that had been designated as Confidential, as required by the Protective Order.  *See* Dkt. Nos. 73, 74, 75, 76, 77, 93, 96, 99.  Both plaintiffs and Prudential publicly filed copies of their briefs with confidential information redacted.  *See* Dkt. Nos. 73, 96, 98, 106.

Both sides filed materials designated as confidential by the other side.  The vast majority of the redacted portions of Prudential's briefs, and most of Prudential's declarations and exhibits filed under seal, consist of information that ***plaintiffs*** designated as confidential.[2]  By contrast, the exhibits that plaintiffs filed under seal, as well as the redacted portions of plaintiffs' briefs, consist of confidential materials produced in discovery by Prudential.

The Legion has now moved to unseal both the redacted portions of the class certification briefs and all of the supporting declarations and exhibits that were filed under seal pursuant to the Protective Order and Local Rule 7.2.[3]

---

[2]     Thus, although the Legion asserts exaggeratedly (at 6) that the public version of Prudential's class certification memorandum "is so heavily redacted that it is nearly unintelligible," most of those redactions protect plaintiffs' confidential information, not Prudential's.

[3]     The Legion's motion and accompanying proposed order are inconsistent about the relief it seeks.  In ¶ 3 of the motion, the Legion states that it seeks "to unseal Prudential's Memorandum in Opposition to Plaintiffs' Motion for Class Certification and the accompanying declarations and exhibits."  In ¶ 7, the Legion states that it "seeks to inspect documents filed in connection with Prudential's pleadings filed in opposition to class certification and summary judgment."  In the motion's conclusion (on page 8), the Legion seeks "to unseal documents filed under seal in support of Plaintiffs' Motion for Class Certification, and to unseal Prudential's Memorandum in Opposition to Plaintiffs' Motion for Class Certification and the accompanying declarations and exhibits filed in support thereof."  Finally, in its proposed order accompanying the motion, the Legion proposes the unsealing of "all documents filed under seal by all parties in this action in connection with the briefing on Plaintiffs' motion for class certification and Defendant's opposition to the motion for class certification."  The Legion's counsel has advised Prudential's counsel that the Legion seeks the unsealing of documents filed under seal by any party in connection with plaintiffs' motion for class certification, and does not seek in this motion to unseal documents filed under seal in connection with the parties' cross-motions for summary judgment, although it may file another motion seeking such relief in the future.  Accordingly, based on the Legion's representation about the scope of the relief the Legion seeks in this particular motion, this opposition opposes the unsealing of documents filed under seal in connection with class certification briefing.  If the Legion files a motion seeking the unsealing of any other documents filed under seal in this case, Prudential will respond to that motion at the appropriate time.

## ARGUMENT

The Legion's motion should be denied in its entirety because the legal basis for unsealing invoked in the motion—the presumption of public access to judicial records—is inapplicable. Alternatively, even if the presumption of public access applied, the Legion's motion would need to be denied as to 18 documents containing Prudential's proprietary business information.

## I.   THE CLASS CERTIFICATION DOCUMENTS ARE NOT SUBJECT TO ANY PRESUMPTIVE RIGHT OF PUBLIC ACCESS AND THUS SHOULD REMAIN SEALED.

The First Circuit has made clear that "[w]hen considering whether the common law right of access applies, the cases turn on whether the documents that are sought constitute 'judicial records.'  Such records are those 'materials *on which a court relies* in determining the litigants' *substantive* rights.'"  *United States v. Kravetz*, 2013 WL 341675, at *4 (1st Cir. Jan. 30, 2013) (emphases added) (citations omitted); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[t]he courts have not extended [the common law presumption that the public may inspect judicial records] beyond materials *on which a court relies* in determining the litigants' *substantive* rights") (emphases added); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) ("presumptive right of access" applies to those "'materials *on which a court relies* in determining the litigants' *substantive* rights'") (emphases added) (citations omitted); *Dahl v. Bain Capital Partners, LLC*, 2012 WL 4045194, at *2 (D. Mass. Sept. 14, 2012) (same).

The class certification documents filed under seal fail to satisfy both halves of that test for public access.  First, they were not submitted in connection with a motion to determine the parties' substantive rights.  Second, the Court did not rely on them when it ruled.

**A.     The Presumption Of Access Does Not Apply Because The Documents Were Submitted In Connection With A Non-Substantive Motion.**

Because the common law presumption of access to judicial documents only applies to documents used "in determining the litigants' substantive rights," *Anderson*, 805 F.2d at 13, the presumption does not apply to documents "filed under seal when attached to a non-dispositive motion." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citation omitted).[4]  In drawing this line, courts have recognized that the public has no substantial "need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations and internal quotation marks omitted).

Applying this rule, courts have held specifically that the common law presumption of access to judicial documents is inapplicable to documents filed in connection with a class certification motion because such a motion is non-dispositive, that is, it does not determine the parties' substantive rights.  *See, e.g.*, *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) ("Plaintiffs' Motion for Class Certification is a non-dispositive motion."); *Pecover v. Elec. Arts Inc.*, 2010 WL 8742757, at *26 (N.D. Cal. Dec. 21, 2010) ("plaintiffs' motion for class certification … is non-dispositive").

The Legion seeks here to unseal documents that were part of or exhibits to briefs addressing a class certification motion, including Plaintiffs' Motion for Class Certification, Prudential's Memorandum in Opposition thereto, and Plaintiff's Reply Memorandum.  Because

---

[4]      *Cf. E.E.O.C. v. Kelley Drye & Warren LLP*, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (presumption of access applied because documents were attached to motion for summary judgment but would not have applied to documents attached to non-dispositive motion).

such a motion does not "determin[e] the litigants' substantive rights" (*Anderson*, 805 F.2d at 13),

the common law presumption of public access to judicial documents does not apply.

**B.     The Presumption Of Access Does Not Apply Because The Court Did Not Rely On The Documents At Issue.**

Because the common law presumption of access applies only to "materials ***on which a court relies*** in determining the litigants' substantive rights," *Anderson*, 805 F.2d at 13 (emphasis added), the presumption of public access does not apply to materials on which a court does not rely in making a judicial decision.  *See, e.g.*, *Kay Beer Distrib., Inc. v. Energy Brands, Inc.*, 2009 WL 3790202, at *1 (E.D. Wis. Nov. 12, 2009) (keeping two documents sealed because "[n]either was relied upon by the Court in reaching its conclusion"); *Flagg v. City of Detroit*, 827 F. Supp. 2d 765, 772 n.5 (E.D. Mich. 2011) ("the public right of access to discovery materials is triggered only when these materials are submitted to and relied upon by the Court"); *Verona v. U.S. Bancorp*, 2011 WL 1252935, at *20 (E.D.N.C. Mar. 29, 2011) ("the court will not presume a public right of access to the documents" because they were not relied upon in reaching a decision); *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (denying access to documents because, even though "the documents in question [were] attached to a dispositive motion, they had no bearing on the resolution of the dispute on the merits").

This limitation follows from the principle that the presumption of public access is intended to allow the public to monitor the judiciary's performance of its duties.  *In re Boston Herald, Inc.*, 321 F.3d 174, 196 (1st Cir. 2003) ("The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice….") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  Thus, where

a court does not rely on certain documents in making its decision, the content of those documents is of little or no public moment.  Moreover, a rule automatically stripping discovery materials of their confidential status whenever they are filed with a motion, regardless of whether the court determines them to be germane to the motion, would dramatically undermine the well-recognized private nature of pretrial discovery.  *See Anderson*, 805 F.2d at 13 (declining to extend the common law presumption of access to discovery materials because "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process"); *In re Gushlak*, 2012 WL 3683514, at *2 (E.D.N.Y. July 27, 2012) ("[D]ocuments passed between the parties during the course of discovery are beyond the presumption's reach and 'stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its powers or affect is decisions.'") (quoting *Amodeo*, 71 F.3d at 1050).[5]

This rule likewise compels denial of the Legion's motion because this Court demonstrably did not rely on Prudential's confidential information when it ruled on the class certification motion.  Nothing in the Court's memorandum and order denying class certification ("the Class Order") refers to any document that included Prudential's confidential information or to any facts in those documents.  Instead, the Court ruled that plaintiffs' inability to "show that each class member suffered some actual, legally cognizable injury" defeated the Rule 23(b)(3) predominance grounds for class certification.  Dkt. No. 113, at 11-12.  Moreover, the Court explicitly did not reach the issues for which the confidential documents were submitted.

---

[5]      *See also, e.g.*, *Kamyr AB v. Kamyr, Inc.*, 1992 WL 317529, at *9 (N.D.N.Y. Oct. 30, 1992) (where a court had not yet ruled on summary judgment motions, it would be "pre-mature to allow access to these [sealed] documents under the theory that the general public needs to examine and scrutinize the underpinnings of this court's decisions").

Specifically, the Court did not address plaintiffs' argument that "Prudential's liability turns entirely on the validity of its own standardized policies and practices" (*id.* at 8); in fact, the Court expressly noted that "it will not consider all of the parties' arguments for and against certification at this stage." *Id.* at 8 n.8.  Accordingly, the common law presumption of access upon which the Legion relies does not apply for this second reason.[6]

### C.   Because The Presumption Of Public Access Does Not Apply, The Legion's Motion Should Be Denied In Its Entirety.

Where, as here, discovery materials were filed under seal pursuant to Court order and the common law presumption of public access does not apply, "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *In re Midland*, 686 F.3d at 1119 (citation omitted); *see also, e.g.*, *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 415 F. App'x 286, 287 (2d Cir. 2011) ("In general—when parties have reasonably relied on a protective order—our Court recognizes a presumption against access to those documents.").

The Legion has failed to meet that heavy burden here.  The Legion asserts (at 7) that the class certification materials should be unsealed because the public has an interest in "know[ing] what Prudential has done, and continues to do."  That generic and boilerplate assertion could be made as to every document produced in discovery by every litigant in every case.  It plainly does not constitute a "sufficiently compelling reason" to strip Prudential of the confidentiality required by the Protective Order, which Prudential relied upon when it produced its confidential

---

[6]   The First Circuit recently noted that the presumption of public access applies to documents that "could 'fairly be assumed to play a role in the court's deliberations.'"  *Kravetz*, 2013 WL 341675, at *8 (citation omitted).  Here, the Class Order dispels any possible assumption that Prudential's confidential documents played a role in the Court's deliberations on the class certification motion.  Instead, the documents were entirely "irrelevant" to the decision, and hence the presumption does not apply.  Dkt. No. 113, at *8 n.9.

documents.[7]  In *Anderson v. Hartford Life & Accident Insurance Co.*, 2010 WL 1418398 (S.D.

Ind. Apr. 6, 2010), for example, the court denied a motion to unseal certain documents because

the moving party had "not advanced any other reason why such information should be unsealed

other than a generalized argument that members of the public should know this information."  *Id.*

at *2.  The same reasoning applies here.[8]

## II.   EVEN IF THE PRESUMPTION OF PUBLIC ACCESS DID APPLY, IT WOULD BE OUTWEIGHED AS TO 18 DOCUMENTS BY PRUDENTIAL'S INTERESTS IN THE CONFIDENTIALTY OF ITS PROPRIETARY INFORMATION.

Even if the common law presumption of public access did apply to the sealed class

certification documents (which it does not), the Legion's motion would still need to be denied

with respect to 18 documents that contain Prudential's proprietary business information, as

identified in Exhibit A hereto.  Where the common law presumption of public access applies, a

court deciding whether to unseal filed documents must "weigh the presumptively paramount

right of the public to know against the competing private interests at stake."  *Standard Fin.

Mgmt.*, 830 F.2d at 410.  "Such balancing must take place 'in light of the relevant facts and

circumstance of the particular case.'"  *Dahl*, 2012 WL 4045194, at *1 (quoting *Nixon v. Warner

Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Applying this balancing test, courts frequently determine that public access is properly

denied as to "business information that might harm a litigant's competitive standing."  *Kravetz*,

---

[7]   The documents that Prudential designated as Confidential that were filed under seal contain confidential internal information that Prudential would not ordinarily release to the public.

[8]   The Legion's motion expressly relies on the common-law presumption of access to judicial proceedings rather than any argument based on the First Amendment.  To the extent that the Legion's motion mentions the First Amendment in passing, "the First Circuit has not decided whether the First Amendment mandates a general right of access to civil proceedings."  *United States v. Three Juveniles*, 862 F. Supp. 651, 654 (D. Mass. 1994) (citing *Anderson*, 805 F.2d at 11), *aff'd*, 61 F.3d 86 (1st Cir. 1995).  In any event, because (as just shown) the documents in question are not subject to any right of public access, and because (as shown below) certain of the documents contain proprietary information sufficient to overcome any right of public access even if one did apply, the Court need not decide any First Amendment issue here.

2013 WL 341675, at *10 (quoting *Nixon*, 435 U.S. at 598); *see also, e.g.*, *Standard Inv.*

*Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009)

(affirming district court ruling that "NASD's interest in protecting confidential business

information outweighs the qualified First Amendment presumption of public access") (citation

omitted); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) ("Courts

have limited public access to sensitive business information by sealing portions of the record

…."); *Lord Corp. v. S&B Technical Prods., Inc.*, 2012 WL 1015835, at *1 (E.D.N.C. Mar. 22,

2012) (presumption of access was overcome by the parties' demonstration "that all of the

documents in question contain confidential and proprietary commercial information, including

information relating to alleged trade secrets and other highly sensitive financial and business

information belonging to the parties as well as nonparties, information which is of utmost

importance to them but not generally available to the public or bearing importance to any public

matters"); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581-82

(E.D. Va. 2009) ("[M]any courts have considered the trade secret status of testimony or materials

submitted to a court a significant private interest to be weighed against the common law ... right

of public access that would otherwise apply to them."), *aff'd without op.*, 374 F. App'x 955

(Fed. Cir. 2010); *Bank of New York v. Meridien Biao Bank Tanz. Ltd.*, 171 F.R.D. 135, 144

(S.D.N.Y. 1997) (noting the "broad spectrum of internal corporate documents that courts

regularly hold to be confidential business information").[9]

    Here, Prudential's powerful legitimate interests in protecting its proprietary business

information—that is, the confidential commercial documents and information that provide a

---

[9]    In determining whether documents should remained sealed, courts employ a broad definition of the term "trade secret" under which "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'"  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting RESTATEMENT OF TORTS § 757 cmt. b).

competitive advantage in the life insurance industry—outweigh any possible public interest in the disclosure of those materials.  Specifically, as set forth in the accompanying declarations of Kimberly King, Catherine Smith, and Paul Virtell (attached hereto as Exs. C, D, and E respectively), 18 documents filed in connection with the class certification briefing contain Prudential's proprietary business information.  These documents include:

- Documents containing confidential details regarding Prudential's policies and practices relating to the operation and administration of Prudential's Alliance Account program.  *See* King Decl. ¶¶ 5, 7-8; Virtell Decl. ¶¶ 5-6.

- Documents containing confidential details regarding Prudential's policies and practices relating to its internal risk assessment and risk management policies and practices.  *See* King Decl. ¶¶ 6, 10-12.

- Documents containing confidential details regarding Prudential's policies and practices relating to its internal investment management policies and practices.  *See* King Decl. ¶ 12; Smith Decl. ¶ 5.

- Documents containing confidential details regarding Prudential's policies and practices relating to Alliance Account interest rate determination, distribution, and rate-setting procedures.  *See* King Decl. ¶ 9; Smith Decl. ¶¶ 6-7; Virtell Decl. ¶¶ 7-8.

- Documents containing confidential details regarding Prudential's proprietary software systems, including the inputs, capabilities, and coding of those systems.  *See* Virtell Decl. ¶¶ 5-6.

Not only do these specific documents contain Prudential's confidential proprietary business information, but the information in these documents is a significant factor in Prudential's ability

to compete effectively with other life insurance companies.  *See* King Decl.¶¶ 13-17; Smith

Decl. ¶¶ 8-11; Virtell Decl. ¶¶ 9-12.  The disclosure of this proprietary business information

would risk severe harm to Prudential's competitive position because it would permit Prudential's

competitors to copy or adopt Prudential's policies and procedures and make use of Prudential's

proprietary business information.  King Decl. ¶ 17; Smith Decl. ¶ 11; Virtell Decl. ¶ 12.

Furthermore, the public has little if any interest in the content of these manuals and procedure

documents, which are far afield from the issues at dispute in this case and which represent a very

small fraction of the sealed documents and a tiny fraction of the overall class certification filings.

Indeed, courts have repeatedly determined that a company's interest in the confidentiality

of these kinds of manuals and other documents containing proprietary procedures outweighs any

presumptive right of public access.  *See, e.g.*, *Neill v. Bank of America, N.A.*, 2012 WL 6554414,

at *2 (S.D. Cal. Dec. 14, 2012) (sealing manuals and other documents describing bank's internal

procedures because "disclosure of the information in the policies would provide Bank of

America's competitors with confidential information they otherwise could not access, which

would place the bank at a competitive disadvantage and potentially lead to competitors using the

information for improper purposes," thus establishing "compelling reasons that outweigh the

public's interest in disclosure"); *United States ex rel. Westfall v. Axiom Worldwide, Inc.*,

2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (sealing sales training manual because

defendant's business interests outweighed common law right of access); *Tonnemacher v. Sasak*,

155 F.R.D. 193, 195 (D. Ariz. 1994) ("internal manuals are highly confidential and proprietary

trade secrets").

Prudential's good-faith reliance on the confidentiality promised by the Protective Order

provides additional weight against granting the Legion's motion to unseal.  Courts have long

recognized that "a private interest which might outweigh the public interest in access is a litigant's reliance on the protective order." *In re "Agent Orange" Prod. Liab. Litig.*, 98 F.R.D. 539, 546 (E.D.N.Y. 1983).  As the court there explained:

> In *In re Franklin National Bank Litigation*, 92 F.R.D. 468 (E.D.N.Y. 1981), a non-profit consumer organization sought to set aside a protective order which sealed all documents concerning the settlement of an action arising out of the collapse of Franklin National Bank…. [T]he court determined that the settlement agreement had induced substantial changes of position by many of the parties, changes which had been made at least in part in reliance on the condition of secrecy.  "For the court to induce such acts and then to decline to support the parties would work an injustice on those litigants and make future settlements predicated on confidentiality less likely."

*Id.* (quoting *In re Franklin*, 92 F.R.D. at 472).  That reasoning is equally applicable here. Prudential produced its highly confidential documents in discovery in reliance on the Protective Order.  The Protective Order by its terms provides protection only to confidential documents and is not a blanket protective order.  Prudential's reliance on the protections of the Protective Order was therefore reasonable and should be honored.[10]

In sum, if the Legion's motion is not denied in its entirety for the reasons set forth above, the motion at a minimum should be denied as to the 18 documents listed on Exhibit A, which contain highly confidential proprietary business information that Prudential produced in discovery in reliance on the Court-entered Protective Order, which represent a tiny portion of the class certification filings, and whose contents are far afield from the merits of this case.

## III.   PRUDENTIAL DOES NOT OBJECT TO UNSEALING PLAINTIFFS' CONFIDENTIAL INFORMATION, IF PLAINTIFFS CONSENT.

Most of the materials that Prudential filed under seal—both the redacted portions of its brief as well as most of the exhibits that it filed under seal—consist of information and

---

[10]     As described above, the plaintiffs requested in open court that to expedite discovery, Prudential label as confidential documents not yet produced in order to expedite discovery.  It would be unjust to penalize Prudential for acceding to the plaintiffs' proposal.

documents that plaintiffs (rather than Prudential) designated as confidential.  Prudential does not object to unsealing that information and those documents if plaintiffs consent.  Prudential does object, however, to unsealing any information or documents that Prudential designated as confidential, regardless of whether those materials were filed by plaintiffs or by Prudential.

### CONCLUSION

For the foregoing reasons, the American Legion's Motion to Unseal Documents should be denied in its entirety.  In the alternative, the Legion's motion should be denied as to the 18 documents containing Prudential's confidential business information that are identified in Ex. A hereto.

Dated:  March 1, 2013

Respectfully submitted,

 /s/ Michael K. Isenman
Paul E. Nemser (BBO #369180)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel: (617) 571-1000
Fax: (617) 523-1231

Richard M. Wyner (pro hac vice)
Michael K. Isenman (pro hac vice)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 346-4000
Fax: (212) 355-3333

Edwin G. Schallert (pro hac vice)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
Fax: 212-909-6836
egschallert@debevoise.com

*Counsel for Defendant The Prudential
Insurance Company of America*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael K. Isenman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 1, 2013.

/s/ Michael K. Isenman

16