# EXHIBIT B

```
 1                 UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 2                       WESTERN SECTION

 3

 4

 5      ............................
        Kevin Lucey, et al           .
 6                                   .         Civil No.
             v.                      .         10-30163-MAP
 7                                   .
        Prudential Insurance         .
 8      ............................

 9

10
                 Before the Honorable Michael A. Ponsor,
11                   United States District Judge,
                       Status Conference Hearing
12                      Held on October 11, 2011.

13

14

15      APPEARANCES:

16
        For the plaintiffs:  Michael von Lowenfeldt and Michael
17      Archuleta, 100 Spear Street, 18th Floor, San Francisco, CA
        94105
18

19
        For the defendant:  Michael Isenman and Alison Douglass,
20      901 New York Avenue., N.W., Washington, DC 20001

21      Paul Nemser, 53 State Street, Boston, MA 02109

22
                       Alice Moran, CSR, RPR, RMR
23                    Official Federal Court Reporter
                        300 State Street, Room 303D
24                       Springfield, MA 01105
                  Tel: (413)731-0086  Fax: (413)737-7333
25                      alice.moran@verizon.net
```

1   probably going to be -- that may very well be the
2   defense's approach.  It may well be the prevailing
3   approach.  I'll have to take another look at *Wal-Mart*.
4   I've weighted through it once but I'll have another
5   look.
6              MR. von LOWENFELDT:  I can tell you that
7   approach has not received favorable rulings that I've
8   seen.  I think the effect of the Wal-Mart decision,
9   outside of the sex discrimination and race discrimination
10  area, is going to be extraordinary small, if anything.
11       But let me say a couple things about the document
12  view task in question.  You know, one of the problems is
13  their redaction because it slows down the review.  Instead
14  of just giving us the document once they know it's not
15  privilege, they're going through and blacking out all the
16  information they don't want us to know and then when we
17  object, then they have to unredact it.
18       The documents that are in front of you on our
19  redaction motion have actually been reproduced to us
20  twice.  They get sent to us again with less redaction and
21  then one more time again with even less redaction.  So one
22  of the things I'd want to update Your Honor on is to give
23  you a copy of the documents as they currently exist
24  because the universe of redactions is narrower on those
25  documents.

1    But, you know, if they're going to complain about the
2 amount of work they're doing, one of the things they can
3 stop doing is blacking out non-privilege information
4 because that would shortcut this process and the cases we
5 cite raise that as a concern. There is no procedure in
6 the rules under our view for relevance redactions or
7 responsiveness redactions when part of a document says
8 something that they don't think we need to know.
9    The other issue counsel raises is confidentiality. I
10 mean, honestly they're marking almost everything
11 confidential, but I will say I'm not interested in holding
12 up discovery production based on this issue.
13    I would be willing -- we're going to have a dispute
14 later as to what is and is not properly confidential
15 anyway. If they want to just mark everything from this
16 point on confidential and we can deal with that dispute
17 later when it matters, get us the documents. Don't slow
18 down production to us based on the confidentiality issue
19 because the honest answer is that 90 percent of what's
20 passing through there is getting marked anyway.
21    I just don't see why we're spending any time hunting
22 for the 10 percent where they agree it's not confidential.
23 We're going to have to deal with that issue one way or the
24 other.
25    I think there are a number of things that could be

```
 1    done.  I appreciate the effort and it is always a large
 2    effort to do documents, and they're right we don't see as
 3    many documents as they do.  We are at about 32,00.  I
 4    mean, that's only a couple handful of boxes.  It's not
 5    that large of production yet, which is part of our
 6    concern.  But there are things we could do to speed that
 7    process up, including just turning over the documents and
 8    not blacking them all out.
 9              THE COURT:  All right.  So now we are boiling it
10    down a bit.  I'll hear what you have to say, Mr. Isenman,
11    but I guess one thing I'm going to want to hear fairly
12    soon is what you think of the schedule that was just
13    proposed.
14              MR. ISENMAN:  Thank you, Your Honor, and I think
15    a short schedule is fine.  I think that the schedule that
16    counsel proposes is a little bit too short.  I think that
17    two weeks to get in our papers would be more appropriate.
18              THE COURT:  You're saying the 24th and 28th
19    instead of the 17th?
20              MR. ISENMAN:  I think maybe a week for the
21    response so that would be the 24th --
22              THE COURT:  -- and the 31st.
23              MR. ISENMAN:  Exactly.  I think that would be
24    reasonable, Your Honor.
25              THE COURT:  All right.  That's your proposal.
```

```
 1              MR. ISENMAN:  It is, Your Honor.
 2          On the redaction issue, let me be very clear that
 3     when I referred to the resources that we are talking about
 4     that are devoted to the document review, none of those
 5     people is involved in the redactions.
 6          The redaction issue has been a result of the
 7     meet-and-confer process.  We initially redacted more.  As
 8     a result of the meet-and-confer process, we've redacted
 9     substantially less.  We think that the things that we are
10     redacting now are things that are highly confidential and
11     have nothing to do with this case.  That will be something
12     for the Court to consider, but the fact that one person
13     who wasn't involved in document review might have spent a
14     day dealing with the redactions I think has had absolutely
15     no impact on the pace of production.
16          The redaction issue relates specifically to one group
17     of documents which is the regulatory -- Prudential may
18     produce documents to various government regulators in
19     Congress and that's where the redaction issue comes up.
20     I'm not going to get into the details unless opposing
21     counsel wants to.
22              THE COURT:  No.
23              MR. ISENMAN:  Finally, Your Honor, I'll cut off
24     here.  We appreciate plaintiffs' proposal that we just go
25     ahead and put off the confidentiality issue to another day
```

1  and just go ahead and designate things as confidential.
2  We can met and confer on things that are not.
3           THE COURT:  Fine.  There will be a huge number
4  of documents that are in the original pool or ocean, but
5  my experience is that once we get to the class
6  certification stage, or if we get past that and we get to
7  trial, the number of documents that will actually be
8  considered by the factfinder will be minuscule in
9  comparison with the ocean that you started out with.
10      So I'm going to accommodate the defendants in terms
11  of their proposed schedule.  It's only a few more days and
12  so we're going to say that this further brief or status
13  memorandum re:  Pending motions to compel will be due from
14  each side by October 24th and then Halloween, October
15  31st, is when we'll have the replies.
16      After that the motions to compel are in my lap and
17  woe be it to me if I don't get you a prompt ruling.  I
18  will get you a prompt ruling.  I will either do it on the
19  papers or I will be in touch with you and we will schedule
20  a hearing.  I will not send it to the magistrate judge,
21  but as part of my ruling ultimately on the motions to
22  compel, I will establish a schedule for periodic
23  check-ins, regular periodic check-ins with the magistrate
24  judge to confirm the pace of discovery and our evolution
25  towards ultimate resolution of this matter.  So I think

```
 1  that's what I can do for you.
 2          MR. von LOWENFELDT:  Thank you, Your Honor.
 3          MR. ISENMAN:  Thank you, Your Honor.
 4          THE COURT:  Thank you for being here.  I'll look
 5  forward to the supplemental memos and get you a prompt
 6  ruling on the motions and we will move this case along.
 7          MR. NEMSER:  Thank you, Your Honor.
 8          THE COURT:  Have a safe trip back.  Court's in
 9  recess.
10  (Court recessed at 12:16.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25              C E R T I F I C A T E
```

```
 1
 2
 3        I, Alice Moran, Official Federal Court Reporter for
 4   the United States District Court for the District of
 5   Massachusetts, do hereby certify that the foregoing is a
 6   correct transcript from the record of proceedings in the
 7   above-entitled matter.
 8
 9
10
11                      /s/ Alice Moran
12                      _____
13                   Dated October 19, 2011
14                 Alice Moran, CSR, RPR, RMR
15                Official Federal Court Reporter
16                  300 State Street, Room 303D
17                    Springfield, MA 01105
18                         413-731-0086
19                    alice.moran@verizon.net
20
21
22
23
24
25
```