# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation* | Master Case No. 3:11-md-02208-MAP<br>THIS DOCUMENT RELATES TO:<br>All Actions |

## DECLARATION OF KIMBERLY KING

I, Kimberly King, state and declare as follows:

1. I make this declaration based upon personal knowledge and a review of the documents and exhibits at issue in the American Legion's Motion to Unseal Documents. I am not a minor and am competent to testify about the subjects addressed in this declaration.

2. I am employed as Vice President, Operations, at The Prudential Insurance Company of America ("Prudential"). In that role, I have oversight of Alliance Services, an operations unit within Prudential. I am familiar with and oversee the administration of the Alliance Account program, including communications with Alliance Account holders, check processing, the maintenance and storage of transactional and account information for Alliance Accounts, and the relationship between Alliance Services and its service providers.

3. My work address is 2101 Welsh Road, Dresher, Pennsylvania.

### DOCUMENTS THAT SHOULD REMAIN UNDER SEAL

4. If the following documents are unsealed, Prudential would face a substantial risk of competitive harm, as detailed in paragraphs 13-17 below.

5. Exhibit 17 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, and Exhibit 3 to the Declaration of Bruce McFarlane in Support of Plaintiffs' Motion for Class Certification, filed under seal, are—respectively—excerpts from, and the full transcript of, my deposition taken on December 30, 2011. These transcripts include

1

Prudential's proprietary business information, including confidential details regarding Prudential's policies and procedures relating to operation of the Alliance Account program, and confidential details relating to several vendors involved with Prudential's administration of its Alliance Accounts and the role of those vendors in Prudential's business operations.

6. Exhibit 24 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, is an e-mail that contains Prudential's proprietary business information, including confidential information about Prudential's internal risk assessment and audit policies and practices.

7. Exhibit 26 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, is an excerpt from Prudential's confidential internal policies that contains Prudential's proprietary business information, including confidential details regarding Prudential's policies and procedures relating to operation of the Alliance Account program.

8. Exhibit 56 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, and Exhibit 7 to the Declaration of Bruce McFarlane in Support of Plaintiffs' Motion for Class Certification, filed under seal, are both excerpts from Prudential's confidential internal policies that contain Prudential's proprietary business information, including the confidential details of the various vendors involved with Prudential's administration of its Alliance Accounts and the role of those vendors in Prudential's business operations.

9. Exhibit 67 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, is a chart that contains Prudential's proprietary business information, including confidential business information and numerical data that reflect

Prudential's internal interest rate determinations, interest rate distribution, and interest rate-setting procedures and practices.

10. Exhibit C to the Declaration of Michael von Loewenfeldt in Support of Reply Memorandum Regarding Plaintiffs' Motion for Class Certification, filed under seal, is an excerpt from Prudential's confidential internal policies that contains Prudential's proprietary business information, including confidential business information about Prudential's internal risk assessment policies and practices.

11. Exhibit D to the Declaration of Michael von Loewenfeldt in Support of Reply Memorandum Regarding Plaintiffs' Motion for Class Certification, filed under seal, is an excerpt from Prudential's confidential internal policies that contains Prudential's proprietary business information, including confidential business information about Prudential's internal risk assessment policies and practices.

12. Exhibit E to the Declaration of Michael von Loewenfeldt in Support of Reply Memorandum Regarding Plaintiffs' Motion for Class Certification, filed under seal, is an excerpt from Prudential's confidential internal policies that contains Prudential's proprietary business information, including confidential business and financial information about Prudential's internal investment procedures and practices, as well as confidential business information about Prudential's internal risk assessment policies and practices.

**THE HARM TO PRUDENTIAL IF THESE DOCUMENTS ARE UNSEALED**

13. Prudential is careful to take steps to protect its proprietary and confidential business information. Such measures include limiting their distribution, confidentiality provisions with vendors, computer network security, and ensuring that documents produced in litigation are labeled as confidential and covered by appropriate protective orders.

14. Among other things, Prudential protects its confidential business practices, its internal policies and procedures, and its proprietary software systems, each of which is material to Prudential's ability to compete with other life insurance companies.

15. Although some of Prudential's policies, procedures, and systems set forth in the documents described in paragraphs 5-12 have changed over time, significant portions of Prudential's policies and procedures are substantially the same now as they were at the time those documents were created.

16. The confidential business information contained in the documents described in paragraphs 5-12 contributes directly to Prudential's ability to compete with other companies in the life insurance industry.

17. The release of Prudential's proprietary business information contained in the documents described in paragraphs 5-12 would cause competitive harm to Prudential because it would permit Prudential's competitors to identify, extrapolate, copy, and/or adopt Prudential's policies and procedures and otherwise make improper use of Prudential's proprietary business information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28 day of February, 2013, at 5:00 pm.

_____
Kimberly King