# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation* | Master Case No. 3:11-md-02208-MAP<br>THIS DOCUMENT RELATES TO:<br>All Actions |

## DECLARATION OF PAUL VIRTELL

I, Paul Virtell, state and declare as follows:

1. I make this declaration based upon personal knowledge and a review of the documents and exhibits at issue in the American Legion's Motion to Unseal Documents. I am not a minor and am competent to testify about the subjects addressed in this declaration.

2. I am employed as Vice President, Process Management, and Vice President, Operations for the Office of Servicemembers Group Life Insurance ("OSGLI"), at The Prudential Insurance Company of America ("Prudential"). In that role, I have oversight of OSGLI operations and management, including claims, customer service, accounting, and internal controls.

3. My work address is 80 Livingston Avenue, Roseland, New Jersey 07068.

## DOCUMENTS THAT SHOULD REMAIN UNDER SEAL

4. If the following documents are unsealed, Prudential would face a substantial risk of competitive harm, as detailed in paragraphs 9-12 below.

5. Exhibit 54 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, is an excerpt from Prudential's confidential internal policies that contains Prudential's proprietary business information, including among other things (a) details of the inputs, capabilities, and coding of a proprietary software system, and (b) confidential

1

business and financial information about Prudential's internal administrative procedures for Alliance Accounts and OSGLI.

6. Exhibit 55 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, is a document containing the General Ledger Accounting Requirements used in connection with a proprietary software system. This document includes Prudential's proprietary business information, including among other things (a) details of the inputs, capabilities, and coding of the software system, and (b) confidential business and financial information about Prudential's internal administrative procedures for Alliance Accounts.

7. Exhibit 60 to the Joint Declaration in Support of Plaintiffs' Motion for Class Certification, filed under seal, and Exhibit 55 to the Declaration of Richard M. Wyner in Support of Prudential's Opposition to Plaintiffs' Motion for Class Certification, filed under seal, are—respectively—excerpts from, and a complete copy of, Prudential's Objections and Responses to Plaintiffs' First Set of Interrogatories. Prudential's responses to these interrogatories contain Prudential's proprietary business information, including among other things confidential business information and numerical data that reflect Prudential's internal interest rate determinations, interest rate distribution, and interest rate-setting procedures, as well as a list of hundreds of current and former Prudential employees having nothing to do with this case.

8. Exhibit 56 to the Declaration of Richard M. Wyner in Support of Prudential's Opposition to Plaintiffs' Motion for Class Certification, filed under seal, is Prudential's Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories. This document contains Prudential's proprietary business information, including among other things

confidential business information and numerical data that reflect Prudential's internal interest rate determinations, interest rate distribution, and interest rate-setting procedures.

**THE HARM TO PRUDENTIAL IF THESE DOCUMENTS ARE UNSEALED**

9. Prudential is careful to take steps to protect its proprietary and confidential business information, including its proprietary software systems and its internal policies and procedures, each of which is material to Prudential's ability to compete with other life insurance companies.

10. Although some of Prudential's policies, procedures, and systems set forth in the documents described in paragraphs 5-8 have changed over time, significant portions of Prudential's policies and procedures are substantially the same now as they were at the time those documents were created.

11. The confidential business information contained in the documents described in paragraphs 5-8 contributes directly to Prudential's ability to compete with other companies in the life insurance industry.

12. The release of Prudential's proprietary and confidential business information contained in the documents described in paragraphs 5-8 would inflict competitive injury to Prudential because it would permit Prudential's competitors to identify, extrapolate, copy, and/or adopt Prudential's policies and procedures and otherwise make improper use of Prudential's proprietary business information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of March, 2013, at Roseland, New Jersey

3

_____
Paul Virtell

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 1st DAY OF March, 2013
BY _Colleen Lawrence_

COLLEEN LAWRENCE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/1/2015

4