
**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | |
|---|---|
| *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation*<br><br>This document relates to: ALL ACTIONS | **CLASS ACTION**<br><br>Master Case No. 3:11-md-02208-MAP<br><br>[consolidated cases 3:10-cv-30163-MAP; 3:11-cv-30058-MAP; 3:11-cv-30059-MAP; 3:11-cv-30060-MAP] |

**RESPONSE TO PRUDENTIAL'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

[Leave to file granted on April 4, 2013]

The recent unpublished summary judgment decision in *Keife v. Metropolitan Life Ins. Co.*, No. 3:11-CV-916, 2013 WL 1007955 (D. Nev. Mar. 12, 2013) does not support Prudential's motion for summary judgment or its opposition to Plaintiffs' motion for summary judgment, for several independent reasons.

### The *Keife* Contract did not Require a Lump Sum Payment

In *Keife* (as in every other retained asset account case Prudential has cited to the Court) the insurance contract did ***not*** require that payment be made by "lump sum." 2013 WL 1007955, at *4. Indeed, the *Keife* court for this very reason expressly distinguished *Mogel v. UNUM Life Ins. Co.*, 547 F.3d 23, 26 (1st Cir. 2008), wherein the First Circuit held that establishment of a retained asset account did not constitute a "lump sum" payment where policy language required "specific disbursements of benefits." *Id.* at *6. The policy language at issue here is materially identical to the policy language in *Mogel*, not *Keife*. See *Mogel*, 547 F.3d at 25 ("'[A]ll benefits payable ... will be paid as soon as the Insurance Company receives proof of claim acceptable to it' and '[u]nless otherwise elected, payment for loss of life will be made in one lump sum.'").

### No Alternative Agreement Exists

The *Keife* court accepted MetLife's alternative argument that the plaintiffs had contractually agreed to payment via a retained asset account, pursuant to a section of the contract which expressly provided that the policy proceeds could be paid "in a manner other than in one sum to the Beneficiary or other person entitled to receive payment." 2005 WL 1007955, at *7. There is no such contractual provision allowing for an alternative payment method here. To the contrary, the SGLIA unequivocally requires payment ***only*** by lump sum or in 36 monthly installments. 38 U.S.C. § 1970(d). The VA's regulations contain the same requirement. 38 C.F.R. § 9.5. Therefore, *Keife* is inapposite.

### *Keife* Concerned Solely a Breach of Contract Claim

*Keife* only addressed one cause of action—a contractual claim—not multiple causes of action, including, importantly a statutory one like that at issue here. Congress enacted the SGLIA as a means to protect the beneficiaries of military life insurance policies from potentially

improper conduct in the policies' administration. (*See* Pls.' Mot. Summ. J. (Dkt. # 123), at 1.) Congress expressly required payment *only* by lump sum or in 36 monthly installments, a requirement Congress did *not* impose in the FEGLI program at issue in *Keife*. 5 U.S.C. §§ 8701-8716. For that reason, the court in *Keife* was forced to resort to "course of performance" evidence to divine the parties' intent as a matter of contract law. *Id.* at * 5.

### Plaintiffs in This Case were Damaged by Defendant's Breach

Finally, the *Keife* court concluded that the plaintiffs suffered no damages under their breach of contract theory because: (1) the court had found no breach, and (2) the specific delayed payment provision of the *Keife* policy document did not operate as a liquidated damages provision as plaintiffs claimed. 2005 WL 1007955, at *8. Neither reason has any relevance to this case. Here, Prudential did breach the "lump sum" payment requirement established under the same language construed in *Mogel*. And Plaintiffs' contract damages analysis is not premised on any "liquidated damages" provision in the contract. Instead, here Plaintiffs' injury is based on Prudential's wrongful withholding and profiting off of military beneficiaries' funds. Such injuries alone are sufficiently cognizable to justify entry of judgment in Plaintiffs' favor on liability—even absent a showing of compensatory damages. (*See* Pls.' Opp'n to Def.'s Mot. Summ. J. (Dkt. # 148), at 3-12).

For each and all the forgoing reasons, Prudential's supplemental citation to *Keife* is unavailing.

Respectfully submitted on April 4, 2013 by *Interim Co-lead Class Counsel.*

| /s/ Michael von Loewenfeldt | /s/ Daniel D. King | /s/ Christopher M. Burke |
|---|---|---|
| Michael von Loewenfeldt | Daniel D. King | Christopher M. Burke |
| (*pro hac vice*) | (*pro hac vice*) | (*pro hac vice*) |
| KERR & WAGSTAFFE LLP | THE DANIEL D. KING | SCOTT+SCOTT LLP |
| 100 Spear Street, 18th Floor | LAW FIRM, PLLC | 707 Broadway, Suite 1000 |
| San Francisco, CA 94105 | 401 Congress, Suite 1540 | San Diego, CA 92101 |
| Tel: (415) 371-8500 | Austin, TX 78701 | Tel: (619) 233-4565 |
| Fax: (415) 371-0500 | Tel: (512) 687-6278 | Fax: (619) 233-0508 |
| | Fax: (512) 351-9757 | |

**CERTIFICATE OF SERVICE, PERMISSION TO SIGN**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and e-mail copies will be sent to all counsel of record.

      I further certify that I have permission of each of the other signatories to this document to sign their names electronically and file this document on their behalves.

Dated: April 4, 2013                /s/ Michael von Loewenfeldt

                                          Michael von Loewenfeldt (*pro hac vice*)
                                          **KERR & WAGSTAFFE LLP**
                                          100 Spear Street, 18th Floor
                                          San Francisco, CA 94105-1528
                                          Tel: (415) 371-8500
                                          Fax: (415) 371-0500