**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | |
|---|---|
| *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation*<br><br>This document relates to: ALL ACTIONS | <u>**CLASS ACTION**</u><br><br>Master Case No. 3:11-md-02208-MAP<br><br>[consolidated cases 3:10-cv-30163-MAP, 3:11-cv-30058-MAP; 3:11-cv-30059-MAP; 3:11-cv-30060-MAP] |

**[PROPOSED/REVISED] FINAL ORDER AND JUDGMENT: (1) APPROVING CLASS ACTION SETTLEMENT, (2) APPROVING PAYMENT OF CLASS COUNSEL ATTORNEYS' FEES AND CLASS COUNSEL EXPENSES, (3) AWARDING INCENTIVE AWARDS TO CLASS REPRESENTATIVES, AND (4) DISMISSING ACTION WITH PREJUDICE**

On August 5, 2014, this Court entered its "Order Granting Preliminary Approval of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing" (ECF No. 261) ("Preliminary Approval Order"), preliminarily approving the Settlement Agreement entered into by the parties in the above-captioned action, and scheduling a hearing ("Fairness Hearing") to determine (a) whether the Settlement is fair, reasonable, adequate, free from collusion, and in the best interests of the Settlement Class and whether the Settlement should be finally approved by the Court, (b) whether a judgment as provided for in the parties' Stipulation of Settlement should be entered, (c) to consider an application by Class Counsel for service awards to the Class Representatives, (d) to consider an application by Class Counsel for approval of Prudential's payment of attorneys' fees and reimbursed expenses to Class Counsel; (e) whether the court should grant final certification of the Class under FRCP 23(a) and (b)(3); and (f) to rule upon any other matters as the court may deem appropriate. Notice was subsequently mailed to the 67,027 members of the Settlement Class.

Plaintiffs subsequently filed motions seeking final approval of the Settlement as well as approval of their attorneys' fees, expenses, and service awards, and the Court held a Fairness Hearing on December 8, 2014. The Court has considered: (i) the points and authorities submitted in support of the motion for final approval of the Settlement ("Final Approval Motion"); (ii) the points and authorities submitted in support of the Motion for Attorneys' Fees, Costs, and Incentive Awards ("Fee Motion"); (iii) the declarations and exhibits submitted in support of the foregoing motions; (iv) the comments and objections received by the Court from Class Members and others; (v) the terms of the Settlement itself; (vi) the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed August 1, 2014  (ECF Nos.

257-259); (vii) the Notice previously approved by the Court; (vii) the *de minimus* number of Class Members who requested exclusion; (viii) the existence of only 11 objections to the Settlement out of 67,027 Settlement Class Members; (ix) this Court's experiences and observations while presiding over the Action; (x) the Court's file herein; and (xi) the relevant law.

Based upon these considerations and the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Approval Order and Judgment, and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

**1.     Definitions.**  The capitalized terms used in this Final Approval Order and Judgment shall have the meanings and/or definitions given to them in the Stipulation of Settlement ("Settlement Agreement") (ECF No. 256), or if not defined therein, the meanings and/or definitions given to them in this Final Approval Order and Judgment.

**2.     Incorporation of Documents.**  This Final Approval Order and Judgment incorporates and makes a part hereof:

   A.     the Parties' Settlement Agreement (including the exhibits thereto); and

   B.     the Court's findings and conclusions contained in its Preliminary Approval Order dated August 5, 2014 (ECF No. 261).

**3.     Jurisdiction and Venue.**  The Court has personal jurisdiction over the Parties, the Settlement Class Members (as defined below at paragraph 4 below), including objectors.  The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, to adjudicate any objections submitted to the proposed Settlement

and to dismiss this Action with prejudice. All Settlement Class Members, by failing to exclude themselves according to the Court's prior orders and the terms of the prior notices of the pendency of the Action, have consented to the jurisdiction of this Court for purposes of this Action and the Settlement of this Action. Jurisdiction is predicated upon, *inter alia*, 28 U.S.C. §1331 and other applicable law. Venue in this District is appropriate pursuant to the Order of the United States Judicial Panel on Multidistrict Litigation on February 4, 2011 and other applicable law.

4. **Definition of the Class and Settlement Class Members.** The "Settlement Class" is defined in the Settlement Agreement as follows:

"Settlement Class" means, subject to the exclusions listed below, the following persons: All individuals (a) who were beneficiaries of the group life insurance contract between the Department of Veterans Affairs and The Prudential Insurance Company of America for Servicemembers Group Life Insurance ("SGLI") (including the family coverage provided by Public Law 107-14 ("Family SGLI")) and/or Veterans Group Life Insurance ("VGLI"), (b) who made claims (or on whose behalf claims were made) for lump sum benefits prior to November 2010, and (c) whose claims were settled by Prudential through the use of an Alliance Account.

For the reasons set forth in the Preliminary Approval Order, and Plaintiffs' memorandum of points and authorities in support thereof, the Court confirms the certification of the Settlement Class pursuant to Rule 23, *Federal Rules of Civil Procedure*, and the appointment of Class Counsel and the Class Representatives, for the reasons set forth in the Preliminary Approval Order.

5. **The Settlement Agreement is Approved.** Based on its familiarity with the nature of the case, the record, the procedural history, the parties and the work of their counsel,

the Court finds that the Settlement was not the product of collusion and lacks any indicia of unfairness. The Court finds the Settlement is fair, reasonable, and adequate to the Settlement Class in light of the complexity, expense, and likely duration of the Action (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the Action as a class action, through trial and appeal. The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the Settlement Class and should fully and finally resolve all such claims. In support of these findings and conclusions, the Court further specifically finds:

    A.    There is no evidence of collusion. The proposed Settlement, as set forth in the Settlement Agreement, resulted from extensive arm's-length negotiation. The Action was extensively and vigorously litigated prior to any settlement. Plaintiffs and Prudential engaged in intensive arm's-length negotiations, over the course of multiple negotiating sessions, including several settlement conferences before this Court. These extensive negotiations resulted in the proposed settlement reflected by the Settlement Agreement.

    B.    The Settlement provides for fair and adequate cash payments to all Settlement Class Members, particularly in light of this Court's November 22, 2013 order regarding available damages, as well as substantial charitable payments to charities serving survivors and veterans, the communities from which the Settlement Class Members are drawn. These benefits are not reduced by attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the requested incentive awards for the Class Representatives, since such amounts are all separately provided for. The Court has considered the realistic range of outcomes in this matter, including whether Plaintiffs claims would be dismissed before trial, the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and

number of the complex legal issues involved, the risk that Plaintiffs would receive less than the Settlement Relief or take nothing, and the risk of a reversal of any judgment in favor of the Plaintiffs. The total value of the Settlement, approximately $39 million, is fair, reasonable and adequate in view of these factors.  The Settlement value is well within a range of reasonableness.

C. Before reaching the Settlement, Plaintiffs and Prudential vigorously litigated their claims and defenses before this Court, as described in the Joint Declaration of Lead Class Counsel (ECF No. 284.)

D. Before reaching the Settlement, Plaintiffs and Prudential conducted extensive discovery, as described in the Joint Declaration of Lead Class Counsel (ECF No. 284.)

E. Based upon this extensive litigation of relevant legal issues affecting this litigation and extensive investigation of the underlying facts in discovery, Plaintiffs and Prudential were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed Settlement.

F. The Settlement Class is and was at all times adequately represented by the Class Representatives and Class Counsel, including in litigating the Action and in entering into the Settlement.  Class Counsel and the Representative Plaintiffs have satisfied the requirements of Rule 23, *Federal Rules of Civil Procedure,* and applicable law.  Class Counsel have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class Members.  Further, both Class Counsel and Prudential's Counsel are highly experienced trial lawyers with specialized knowledge in insurance litigation, and complex class action litigation generally.  Class Counsel and Prudential's Counsel are capable of properly assessing the risks, expenses, and duration of

continued litigation, including at trial and on appeal, and in the opinion of Class Counsel the Settlement is fair, reasonable and adequate for the Settlement Class Members.  Prudential denies all allegations of wrongdoing and disclaims any liability, fault, or wrongdoing of any kind with respect to any and all allegations and claims asserted by Plaintiffs and the Settlement Class, including their claims regarding the propriety of class certification.  Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Prudential of the truth of any of the allegations in this litigation or of any liability, fault, or wrongdoing of any kind. Prudential agrees that the proposed Settlement will provide substantial benefits to Settlement Class Members.

      G.      The Notice to the Class ordered by this Court by U.S. Mail constitutes the best practicable notice of the pendency of this class action, of the Settlement, the Fairness Hearing, and of Settlement Class Members' rights and options, including their rights to opt out, to object to the Settlement, and/or to appear at the Fairness Hearing in support of a properly submitted objection, and of the binding effect of the orders and Judgment in this Action, whether favorable or unfavorable, on all Settlement Class Members. Said notices have fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure and all due process rights under the U.S. Constitution.

      H.      The Court finds that all notices and requirements of the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, have been satisfied.  The notices required by 28 U.S.C. § 1715(b) were mailed by the Class Administrator on August 11, 2014.  More than ninety (90) days have passed since the service of the foregoing notices.

      I.      The response of the Settlement Class strongly favors final approval of the Settlement. Out of the 67,027 notices of the pendency of this class action mailed to the members of the class, only 28 valid requests for exclusion were received (including the three late requests). In addition, as discussed below, only eleven objections were received.

      J.      Of the eleven objections received by the Court, eight argue that Prudential did nothing wrong (ECF Nos. 281, 285, 286, 288, 289, 293, 295, 296). Three of the objectors (ECF Nos. 278, 290, 293) argue that the settlement relief is inadequate, one argues that the settlement should have determined the merits of the lawsuit (ECF No. 293), one argues that the class representative incentive awards are excessive (ECF No. 293), and four urge the Court to grant less than the requested attorneys' fees (ECF Nos. 276, 281, 288, 293) (although without analyzing the arguments or evidence presented in the Fee Motion). The Court finds that none of these objections,[1] which represent the personal views of a *de minimus* number of Settlement Class Members, presents a basis to deny approval of the settlement, and overrules those objections.

      **6.**      **Requests for Exclusion.** A list of those persons and entities who have timely and validly requested exclusion from the Class was filed with the Court as Exhibit B to the declaration of Ryanne Cozzi, and is incorporated herein and made a part hereof. Three additional persons, LaVerne M. Johnson, Jonathan Wrigley, and Sigrid Bush, filed late requests for exclusion. The parties have agreed that these requests should be allowed. The persons on Exhibit B to the Cozzi Declaration, LaVerne M. Johnson, Jonathan Wrigley, and Sigrid Bush are excluded from the Settlement Class and such persons are therefore not Settlement Class

---

[1] The Court has also considered a communication from a Class Member supporting the settlement and making suggestions for Prudential's distribution of charitable funds (ECF No. 277), as well as an "amicus curiae" letter from an Army Chaplain questioning the settlement amount and attorneys' fees payment. (ECF No. 291.)

Members, shall not be bound by the Settlement, Final Approval Order and Judgment in the Action, and shall not receive any benefits of the settlement. All other persons to whom the Notice was mailed are included in the Settlement Class and shall be bound by all proceedings, orders, and judgments in the Action, even if such person was a party to or has previously initiated or subsequently initiates or participates, directly or indirectly, in any individual or class litigation, administrative, arbitration, remediation or regulatory proceeding or order or other process or proceedings against Prudential relating to the Released Claims.

      **7.**    **Implementation of Settlement.** The Parties and the Settlement Administrator are directed to implement the Settlement according to its terms and conditions.

      **8.**    **Release.** The following Release set forth in Section VI of the Settlement Agreement is expressly incorporated herein in all respects, effective as of the date of the entry of this Final Approval Order and Judgment:

> Upon the Effective Date, Representative Plaintiffs, Class Counsel, and each and every Class Member who has not timely and validly opted out of the Settlement, and their successors, heirs, assigns, agents, trusts, attorneys or anyone acting on their behalf (collectively, "Releasing Persons"), shall, and shall be deemed as of the Effective Date, and by operation of the Final Judgment (as defined herein), to: (*i*) have, fully, finally, and forever released, relinquished, and discharged The Prudential Insurance Company of America and its past, present, and future parents, subsidiaries, divisions, affiliates, predecessors, successors, insurers, stockholders, benefit plans, officers, directors, employees, trustees, agents, and any of their legal representatives, and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing (collectively, the "Released Persons") from any and all claims, debts, liabilities, obligations, covenants, promises, contracts, agreements, and/or obligations to any extent, or in any way, made or which could have been made, known or unknown, arising out of, resulting from, connected with or relating to the facts, circumstances, matters, transactions, occurrences, representations, statements and omissions alleged in this Litigation, including the settlement of claims for life insurance benefits under the Servicemembers Group Life Insurance Contract

between the Department of Veterans Affairs and Prudential through an Alliance Account, and any claim for attorneys' fees or expenses of any type arising therefrom (collectively, "Released Claims"); and (*ii*) have covenanted not to sue the Released Persons based on any Released Claims. The Released Claims do not include claims regarding rights to the monies currently held in Alliance Accounts in the names of Class Members and do not include disputes over the proper beneficiary of the life insurance benefits from SGLI, Family SGLI and VGLI life insurance.

Upon the Effective Date and in consideration of the releases described in this section and this Agreement, and for other valuable consideration, the Releasing Persons shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, whether directly, representatively, derivatively or in any other capacity that the Released Persons ever had, now have, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof relating to any act or omission of the Releasing Persons concerning the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

The Parties expressly understand that principles of law such as Section 1542 of the Civil Code of the State of California provides that a general release does not extend to claims which a creditor does not know or suspect to exist in his favor at the time of executing the release which, if known by him, must have materially affected his settlement with the debtor. To the extent that, notwithstanding the choice of law provisions in the Agreement, California or other law may be applicable, the Parties hereby agree that the provisions of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction which may be applicable herein, are by this Agreement knowingly and voluntarily waived and relinquished with respect to the Released Claims, and the Parties hereby agree and acknowledge that this is an essential term of this Release. The Parties acknowledge that they may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the subject matter of this Agreement or the Litigation, but that it is their intention to fully and finally settle and release the Released Claims notwithstanding the discovery or existence of any such additional or different facts and notwithstanding any mutual mistake of law or fact by the Parties.

The Released Parties may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, set-off, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. **Injunction.** Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to the claims of Opt–Outs.

10. **Enforcement of Settlement.** Nothing in this Final Approval Order and Judgment shall preclude any action to enforce the Settlement or interpret the terms of the Settlement Agreement. Any such action shall be brought solely in this Court.

11. **Class Counsel Attorneys' Fees and Class Counsel Expenses.** The Court has fully assessed and finds fair and reasonable the payment by Prudential of Class Counsel Attorneys' Fees and Class Counsel Expenses in the amount, time and manner provided for in the Settlement Agreement and requested in the Fee Motion. All such terms are the product of non-collusive, arm's-length negotiation. The Court notes in particular that approval of the Settlement Agreement was not conditioned on the award of any attorneys' fees and costs.

This Court has reviewed at length Class Counsel's submissions in support of their application. The "prevailing praxis" within the First Circuit is to use the percentage-of-the-fund ("POF") approach to calculate attorneys' fees in non-statutory fee cases. *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995); *Nilsen*

*v. York Cnty.*, 400 F. Supp. 2d 266, 270-71 (D. Me. 2005). The Court finds that the requested fees are 24.8% of the total settlement, a percentage that is reasonable in this matter and in line with the general range in this Circuit. *See In re Lupron*, 2005 WL 2006833, at *5 (awarding 25% of the settlement to MDL counsel and provisionally awarding another 5% to other counsel); *In re Relafen*, 231 F.R.D. at 82 (awarding 33.3% of the settlement); *In re Indigo Sec. Litig.*, 995 F. Supp. 233, 235 (D. Mass. 1998) (awarding 30% of the settlement); *Pavlidis v. New England Patriots Football Club, Inc.*, 675 F. Supp. 707, 710 (D. Mass. 1987) (noting that "[f]ees in the 20% - 50% range in common fund class actions are not uncommon and have been held to be reasonable" and awarding approximately 26% of the settlement). The Court has observed the zealousness with which Class Counsel prosecuted this Action for over four years, and the high quality of Class Counsel's representation of the Settlement Class throughout that time. The representation was on a contingent-fee basis with no assurance that Class Counsel would be compensated for their years of effort on behalf of the Class. It was in this challenging context that Class Counsel succeeded in negotiating a beneficial Settlement for the Settlement Class Members. This effort well warrants the requested 24.8% of the total settlement.

The Court further finds that the requested attorneys' fees are reasonable when the percentage of the fund is cross-checked against the lodestar. Class Counsel's lodestar is approximately $11.9 million, making the requested fees 0.81 of the lodestar. Class Counsel's hourly rates reasonable for complex class action litigation, and are commensurate with the skill and experience of the participating attorneys and their legal support. Likewise, the amount of time devoted to the Action was reasonable, given Prudential's vigorous defense of Plaintiffs' claims.

The Court also finds that the expenses to be reimbursed to Class Counsel, which are less than the amount provided for by the Settlement Agreement, are reasonable and were necessary to the representation of this action.

Accordingly, given the foregoing factors and the result obtained for the Class, the Court finds the negotiated Class Counsel Attorneys' fees and Class Counsel Expenses to be reasonable, and approves payment to Class Counsel of attorneys' fees in the total amount of $9.7 million plus litigation expenses in the total amount of $420,284.52. The Court directs Prudential to pay these amounts to Class Counsel in accordance with the provisions of the Settlement Agreement.

**12.    Incentive Awards to Plaintiffs.**  The Court approves Prudential's payment of $10,000.00 incentive awards for each of the ten Class Representatives, to be paid by Prudential at the time and in the manner provided in the Settlement Agreement.  Based on the declarations of Class Counsel and the Representative Plaintiffs submitted in support of final settlement approval, the Representative Plaintiffs have actively participated and assisted Class Counsel in this litigation for the substantial benefit of the Settlement Class despite facing significant personal limitations and sacrifices, including being deposed on deeply personal matters relating to the loss of a loved one.  Apart from these service awards, the Representative Plaintiffs will receive no settlement payments or benefits of any nature other than their share of the Settlement Relief available to the Settlement Class generally.  These service awards are approved to compensate the Representative Plaintiffs for the burdens of their active involvement in this litigation and their commitment and effort on behalf of the Class.

The amount of these service awards shall not affect or reduce the Settlement Relief generally payable to any Settlement Class Member, including to Plaintiffs, under the Settlement,

and shall not affect or reduce the amount of attorneys' fees and litigation expenses payable to Class Counsel under the Settlement Agreement and this Final Approval Order and Judgment.

13. **Payment to the Administrator.** The Court further orders that in accordance with the Settlement Agreement, Prudential shall pay to the Administrator all reasonable settlement notice and administration expenses billed thereby in connection with the Settlement, consistent with the contracts that such Administrator entered into for the performance of such work and any additional work requested by the Parties jointly, without reducing any other amounts owed by Prudential under the Settlement.

14. **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Approval Order and Judgment.  Without in any way affecting the finality of this Final Approval Order and Judgment, for the benefit of the Settlement Class and Prudential, and to protect this Court's jurisdiction, the Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

15. **Dismissal of Action.**  This Action is hereby dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided herein.

16. **Rule 11.**        The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. **Immediate Entry of This Order.**  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed .

**WHEREFORE**, the Motion for Final Approval and the Fee Motion are both **GRANTED** on the terms set forth in this Final Approval Order and Judgment, and the Parties and their counsel are directed to implement and consummate the Settlement according to the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  December ___, 2014

_____
Honorable Michael A. Ponsor
United States District Judge